# Richmond

BRISTOL DOOR AND LUMBER Co. (Employer) AND
AETNA LIFE INSURANCE Co. (Insurance Carrier)
v. J. W. HINKLE (Claimant).

January 14,1932.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Browning, JJ.

The opinion states the case.

*Parrish & Butcher*, for the plaintiffs in error.

*Warren & Cantwell*, for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The claimant, J. W. Hinkle, on January 7, 1926, while in the employ of the appellant, Bristol Door and Lumber Company, received a compensable injury. On February 18, 1926, a memorandum of agreement was entered into between the claimant and the employer, providing for the payment of twelve dollars per week during disability. Pursuant to this claimant was paid to February 13, 1926, the sum of $22.29. This memorandum of agreement was filed with the Industrial Commission of Virginia by which it was ratified. The

final settlement receipt of the claimant stated that he was able to return to work on the last date mentioned and that the sum received was the final payment of compensation due him under the workmen's compensation law (Acts 1918, chapter 400, as amended) for all injuries received by him on the 7th of January, 1926. Thereupon, the claimant returned to work for the same employer, and continued so to do until the 26th day of November, 1930, at which time he stopped. The claimant was injured by a timber falling on the calf of his left leg, resulting in a rupture of the veins, or a varicose condition of that leg. On the 9th of March, 1931, he made application for a hearing before the Industrial Commission under section 47 of the act (Acts 1918, chapter 400), which provides for a review of an award on the ground of a change in condition.

The Commission found, as a fact, that the claimant had suffered a sixty-eight per cent loss of the use of his leg due to the said injury of January 7, 1926, and directed an award in favor of the claimant of $12.00 per week for 119 weeks beginning on February 13, 1926, payable in a lump sum.

The case is before this court upon a writ of error.

The defendants urge four assignments of error as follows:

1. The Commission erred in dating its award back to February 13, 1926.

2. The Commission erred in refusing to dismiss the claimant's application for compensation on account of his unreasonable refusal to accept suitable surgical and medical treatment tendered by the employer.

3. The Commission erred in refusing to dismiss claimant's application for compensation on account of claimant's laches in asserting his claim.

4. There is no evidence in the record to support the Commission's finding of fact that claimant has suffered a sixty-eight per cent loss of use of his leg since February 13, 1926, and this, therefore, constitutes an error in law.

In our opinion assignments 2 and 3 are without merit, for manifest reasons, and, in view of what we shall presently say of assignment 1, it is unnecessary to consider assignment 4.

It will be observed that the Commission made its award retroactive. This we think was in derogation of the spirit and intendment of the statute. Section 47 is as follows:

"Upon its own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the Industrial Commission may at any time review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any monies paid."

The Industrial Commission of Virginia has adopted a rule requiring insurers and employers to pay compensation to the date upon which they make application for hearing on the ground of change in condition. Presumably, this rule was adopted and promulgated under warrant of the last sentence of the above section. This section is the only statutory authority for a review on the ground of change in condition. If the insurer or employer elect to make such application they must do so under this section of the act. The claimant derives the same right from the same source. It is difficult to perceive why the same rule should not apply alike to both applicants. Indeed, that it should apply to the application of the claimant in cases like the immediate one is supported by the better reasoning. Hinkle, the claimant here, suffered a total disability from the injury for a short period, for which he was paid. Of his own volition he returned to work, announcing at the time his ability to do so, and receiving compensation, in accordance

with the receipt, "for all injuries received by me on or about the 7th day of January, 1926."

It is true that he testified at the review that he told a clerk of the employer, when the receipt was presented for his signature, that he did not intend to sign a receipt in full. However, when he accepted the money as compensation for the injury inflicted and returned to work the matter was for the time a closed incident. If he suffered a relapse, if a change for the worse occurred in his condition, he knew it and he knew when it took place, and yet he waited for more than five years before making the application for the review. His testimony that he told the foreman and the manager or superintendent of the employer that he was still suffering, is not a sufficient answer to this contention. That did not supply his omission to file his application and implead the parties interested.

Again, if the award is to date back to the time of the final settlement for the total disability, a period when the employer had no means of knowing that a change was taking place in his condition, the employer would be deprived of its right to furnish medical and surgical aid in an effort to rehabilitate him and restore him to health.

In the case of *Raven Coal Corp.* v. *Absher*, 153 Va. 332, 335, 149 S. E. 541, 542, this court, through Mr. Justice Holt, said: "This statute is highly remedial and should be liberally construed, and the judgment of our painstaking and able Commission is entitled to the utmost consideration; but the employer and the insurance carrier are entitled to fair consideration also."

In the case of *King* v. *Empire Collieries Co.*, 148 Va. 585, 589, 139 S. E. 478, 479, 58 A. L. R. 193, Judge Burks, speaking for the court, said: "There has been so much confusion and conflict among the decisions, English and American, construing the compensation laws, that precedents are of but little value, * * *."

We do not consider it necessary to review the few cases that have been cited here.

We reverse the award of the Commission in so far as it is dated back to the time of the settlement, namely, the 13th of February, 1926, and hold that it should begin as of the date of the application of the claimant, March 9, 1931.

In all other respects the award of the Commission is affirmed. The case is remanded to the Commission with direction to reform the award to conform to this opinion.

*Reversed in part, affirmed in part, and remanded.*