## Richmond

### JEWELL RIDGE COAL CORPORATION

### V.

### JOE D. WRIGHT

June 12, 1981.

Record No. 801497.

Present: All the Justices.

*Michael F. Blair (Elizabeth S. Woodruff; Penn, Stuart, Eskridge & Jones,* on brief), for appellant.
*Gerald F. Sharp* for appellee.

CARRICO, C.J., delivered the opinion of the Court.

This workmen's compensation case is a companion to another decided today, *Clinchfield Coal Co.* v. *Anderson,* 222 Va. 62, 278 S.E.2d 817 (1981). Each case involves a claim for a cost-of-living supplement under § 65.1-99.1 of the Virginia Workmen's Compensation Act.

The claimant here, Joe D. Wright, an employee of Jewell Ridge Coal Corporation, was injured in an industrial accident on June 21, 1978. Pursuant to agreement, he was awarded compensation for total incapacity in the amount of $175 per week. He received

compensation in this weekly amount until January 21, 1980, when he returned to work at his pre-injury wage.

Upon receipt of notification that Wright had returned to work, the Industrial Commission addressed a letter to Jewell Ridge, with a copy to Wright, advising that Wright was entitled to a cost-of-living supplement in the sum of $1,062.90 for the period he received compensation benefits. One month later, on March 19, 1980, Wright sent the Commission a letter stating that Jewell Ridge had failed to pay the cost-of-living increase and asking that the Commission advise him "what is happening in regard to this matter." The Commission then scheduled a hearing and, ultimately, awarded Wright the full amount of his cost-of-living supplement. In addition, the Commission assessed against Jewell Ridge a fee for Wright's counsel.

■ Jewell Ridge first contends the Commission erred in allowing Wright a full cost-of-living supplement under § 65.1-99.1 of the Workmen's Compensation Act when the allowance provided Wright total compensation benefits in excess of a maximum fixed by § 65.1-54 in terms of the average weekly wage of the Commonwealth. This precise issue, presented in *Clinchfield Coal Co.* v. *Anderson,* was decided favorably to the employee. *Anderson* controls here, so we decide the present issue favorably to Wright.

■ Jewell Ridge next contends the Commission erred in ruling that the cost-of-living provision of § 65.1-99.1 is self-executing and requires no application from the claimant or further award of the Commission. We agree with Jewell Ridge.

Clearly, the cost-of-living provision is not self-executing. Indeed, in one of its own decisions, *Lambert* v. *Island Creek Coal Company,* 57 O.I.C. 217 (1977), the Commission held that a claim for a cost-of-living supplement was cognizable only under the change-of-condition sections of the Act. Va. Code §§ 65.1-8, -99. Under *Lambert,* these sections require an application and a showing of eligibility by the claimant and an award by the Commission.

We hold, however, that Jewell Ridge is not entitled to reversal for Wright's alleged failure to file an application. During oral argument, Jewell Ridge conceded Wright's March 19, 1980 letter to the Commission constituted sufficient application for a cost-of-living supplement.

■ In this same connection, Jewell Ridge complains that Wright did not establish "his eligibility to a cost of living supplement." The Commission ruled, however, that there was "no question as to [Wright's] eligibility for cost-of-living supplements." Jewell Ridge failed to assign error to this ruling, and we will not notice the point now. Rule 5:21.

■ Finally, Jewell Ridge contends it should not have been held liable for Wright's counsel fee. We agree with Jewell Ridge.

Under § 65.1-101 of the Workmen's Compensation Act, the Commission is authorized to assess an attorney's fee against any employer the Commission determines has brought, prosecuted, or defended a proceeding "without reasonable grounds." The Commission found Jewell Ridge had defended Wright's claim unjustifiably. This finding was based upon the Commission's previous holding in *Clinchfield Coal Co.* v. *Anderson* and the Commission's ruling in the present case that the cost-of-living provision was self-executing. The Commission observed that, at the very least, Jewell Ridge should have paid the part of the cost-of-living increase "that was not being contested."

Although it contested only part of Wright's claim on the ground such part exceeded the statutory maximum, Jewell Ridge contested the whole claim on the ground the cost-of-living provision was not self-executing. In any event, we granted Jewell Ridge an appeal with respect to both grounds of defense. This alone evidences the reasonableness of the defense. *Sun Oil Co.* v. *Lawrence,* 213 Va. 596, 598, 194 S.E.2d 687, 688 (1973).

For the reasons assigned, the award to Wright of the full cost-of-living supplement will be affirmed, and the award of attorney's fees against Jewell Ridge will be reversed.

*Affirmed in part and reversed in part.*