**Richmond**

ALTON L. ATCHISON, JR.

V.

MAY DEPARTMENT STORES COMPANY

June 17, 1983.

Record No. 820590.

Present: All the Justices.

*Peter M. Sweeny (Ashcraft & Gerel,* on brief), for appellant.
*Joseph Dyer (Siciliano, Ellis, Sheridan & Dyer,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

This workmen's compensation appeal deals with cost of living supplements for total incapacity. Specifically, we determine under Code § 65.1-99.1 whether entitlement to previous annual cost of living incremental payments becomes fixed and immune from reduction during a subsequent year when the claimant is not entitled to an annual cost of living supplement because of receipt of social security benefits.

Code § 65.1-99.1, enacted in 1975, provides as follows:

> **"Cost of living supplements for total incapacity and dependents of deceased. —** In the event that the combined disability benefit entitlement of a claimant or his dependents under the Virginia Workmen's Compensation Act and the Federal Old-Age Survivors and Disability Insurance Act is less than eighty percent of the average monthly earnings of the claimant before disability or death, cost of living supplements shall be payable, in addition to the other benefits payable under this Act, in accordance with the provisions of this section to those recipients of awards resulting from occupational disease, accident or death occurring on or after July one, nineteen hundred seventy-five, under §§ 65.1-54, 65.1-56(18), 65.1-56.1(4), 65.1-65 and 65.1-65.1. The Industrial Commission may require the claimant to present evidence of

filing for Federal Old-Age Survivors and Disability Insurance benefits in order to establish eligibility under this section and also may require the claimant to furnish the employer with the decision on his claim for such federal benefits.

The amounts of supplementary payments provided for herein shall be determined as a percent of the benefit allowances supplemented hereby. Said percent shall be determined by reference to the increase, if any, in the United States Average Consumer Price Index for all items, as published by the Bureau of Labor Statistics of the United States Department of Labor, from its monthly average, from one calendar year to another.

Amounts of supplementary payments shall be determined initially as of July one nineteen hundred seventy-six, based on the percent increase, if any, of the Average Consumer Price Index for all items from the calendar year nineteen hundred seventy-four to the calendar year nineteen hundred seventy-five and successively annually thereafter. Any change in the cost of living supplement determined as of any determination date shall become effective as of October one next following such determination date and as the case may be, shall be added to or subtracted from any cost of living supplements previously payable; however, compensation paid the claimant under this section shall at no time exceed the then current maximum weekly amount payable under § 65.1-54."

The first paragraph of the statute sets forth the requirements of eligibility for cost of living supplements. The claimant is eligible if the "combined disability benefit entitlement" under worker's compensation and social security is less than 80 percent of the claimant's average monthly earnings before disability. The second paragraph establishes the manner in which the supplements are to be determined, if the claimant is eligible. They are based on a percentage, which is ascertained by reference to the increase, if any, in the federal Consumer Price Index from one calendar year to another.

The third paragraph mandates an annual review and provides that any resulting increase or decrease in supplemental payments shall take effect on October 1 of each year. In a 1981 amendment to the paragraph, the General Assembly provided that compensa-

tion paid the claimant under the section should not exceed the current maximum weekly amount payable under Code § 65.1-54. Under § 65.1-54 the employer is required to pay weekly compensation to a totally incapacitated employee equal to sixty-six and two-thirds percent of his average weekly wage. This amount is limited by both a fixed minimum and a maximum of not more than one hundred percent of the statutorily defined "average wage in the Commonwealth," which is computed annually by the Industrial Commission.

Against the foregoing statutory background, the narrow issue presented in this case arises in the following manner. In October of 1975, appellant Alton L. Atchison, Jr. injured his back in the course of manipulating a clothes rack while working as a salesman in appellee's department store. The employer's compensation carrier accepted the claim and agreed, with Commission approval, to pay the claimant compensation of $149 per week beginning October 18, 1975, during incapacity. The claimant's average weekly wage was $341.20; sixty-six and two-thirds percent of that figure is $227.48. At the time, the "average wage in the Commonwealth" was $149. Thus, the claimant's base rate was $149, rather than the $227.48 to which he would have been entitled absent the limitations of § 65.1-54.

For the years 1976 through 1980, inclusive, claimant was eligible for and received annual cost of living supplements so that in 1980 his weekly payments amounted to $209.94. During that period, he received social security disability benefits in 1978. However, because the workmen's compensation and social security payments totalled less than 80 percent of his average monthly earnings before disability, he remained eligible for a supplement in 1978. The increases during that period can be demonstrated by the following table.

| Year | Percentage Increase According to C.P.I. | Weekly Payment | |
|------|------------------------------------------|----------------|---|
| | | $149.00 | Base Rate |
| 1976 | 7.0% | 10.43 | |
| 1977 | 4.8% | 7.15 | |
| 1978 | 6.8% | 10.13 | |
| 1979 | 9.0% | 13.41 | |
| 1980 | 13.3% | 19.82 | |
| | | $209.94 | |

In August of 1981, the claimant reported to the Commission he was receiving $708.10 per month in social security disability benefits. Relying on § 65.1-99.1, the workmen's compensation carrier thereupon reduced claimant's weekly payments from $209.94 to the base rate of $149 weekly, because the combined benefits amounted to more than 80 percent of the claimant's average monthly earnings before disability. Converting monthly figures to weekly amounts, the carrier determined that claimant's weekly social security income of $165.20 when added to the compensation rate of $149 equalled $314.20. That sum exceeds 80 percent ($272.96) of the claimant's average weekly wage before disability of $341.20.

The claimant filed an application for a hearing with the Commission, claiming the employer through its carrier had refused to "pay full compensation benefits" pursuant to § 65.1-99.1. Conceding he was not entitled to a 1981 cost of living supplement, claimant urged he should have continued to receive the same payment of $209.94, which included all prior cost of living supplements, rather than a reduction to the original rate of $149.

After a hearing, a deputy commissioner ruled against the claimant, holding that § 65.1-99.1 does not require "the previously received supplements to freeze once the combined benefits exceed 80% of the pre-injury average weekly wage." Upon review, the full Commission unanimously affirmed the hearing commissioner on that issue. The Commission decided "once the basic award and the Social Security payment equals eighty percent of the employee's monthly earnings that no further cost of living supplements are to be paid and this includes those to which the employee has previously become entitled." We granted the claimant an appeal from the March 1982 award of the Commission denying him the relief sought in order to consider whether he is entitled to receive the cost of living supplements for the years 1976 through 1980 during 1981 when he did not qualify for supplementary benefits.

The claimant, agreeing that the first paragraph of § 65.1-99.1 fixes eligibility, says that the first determination to be made annually is whether the disabled employee received social security disability benefits. If he does not, he is entitled to that year's supplement. If he does receive social security benefits, the question becomes whether the sum of the monthly social security and the

monthly worker's compensation (at the original basic rate) equals or exceeds 80 percent of his average monthly wage before disability. If it does, the supplement for that year will not be awarded; if it does not, claimant's argument continues, the full supplement for that year will be awarded.

Eligibility in the final analysis, the claimant continues, is prospective. He contends that once entitlement is established, the cost of living supplement vests in the claimant. He argues that divestiture can only occur if the Consumer Price Index reflects a decrease in the cost of living. Relying on the recent case of *Clinchfield Coal Co.* v. *Anderson,* 222 Va. 62, 278 S.E.2d 817 (1981), and a decision in which we reversed the Commission by order, *Nakpodia* v. *Marriott Corp.* (Record No. 810470), reported in 60 O.I.C. 322 (1982), the claimant contends there is "no limitation on the *amount* of supplements, only a [limitation on the] condition of eligibility." Hence, says the claimant, an employee's basic compensation rate plus his accumulated cost of living supplement may exceed the average weekly wage of the Commonwealth, subject to the 1981 amendment to the statute, and may exceed 80 percent of the claimant's average monthly earnings.

The claimant argues that just as the amount of weekly benefits under the Workmen's Compensation Act is kept at less than 100 percent of the injured worker's average weekly wage in order to encourage the employee to return to full employment as soon as possible, the eligibility for cost of living supplements is likewise limited by the 80 percent formula for the same reason. A claimant's supplements, he argues, may not continue to increase after his basic benefit and his social security payment meet or exceed 80 percent of his average monthly earnings. But, says the claimant, "nowhere does the Act provide nor [did] the Legislature intend a rollback of benefits *without* a decrease in the Consumer Price Index."

■ We do not agree with the claimant that the annual supplements become fixed or vested. The claimant has confused and amalgamated the issue of *eligibility* for a supplementary payment with the issue of the *amount* of the supplementary payment to be received once it has been determined that the claimant is eligible for the additional payment. These are separate concepts and must be viewed independently.

The language of § 65.1-99.1 is plain and unambiguous. The first paragraph deals exclusively with eligibility. The remaining

two paragraphs speak only to amount, *if* the claimant is entitled to supplementary payments under the first paragraph. Nowhere does the statute provide for annual vesting of supplements. The statute clearly provides that no cost of living supplement is payable to a claimant whose combined disability benefits exceed 80 percent of his average monthly wage. Manifestly, under the statute the claimant is eligible for cost of living supplements or he is eligible for none.*

Not to be overlooked is the circumstance that the claimant who is not eligible for supplementary payments is nevertheless receiving benefits exceeding 80 percent of his average monthly wage from two sources. Under some circumstances, however, an offset may be applied, pursuant to 42 U.S.C. § 424a (Supp. IV 1980), by the federal government where disability benefits under both the Social Security Act and workmen's compensation are being paid to a claimant. *See* 1 H. McCormick, *Social Security Claims and Procedures* 434-36 (3d ed. 1983).

*Clinchfield* only tangentially impacts the present case. There, we held, applying the law as it existed before the 1981 amendment to § 65.1-99.1, that the employer's total payment of compensation and cost of living supplements could exceed "the average weekly wage of the Commonwealth current at the time of allowance." 222 Va. at 67, 278 S.E.2d at 820.

*Nakpodia,* contrary to the claimant's suggestion, demonstrates that supplements do not become vested. There, we decided that only the basic payment under the outstanding award together with the social security benefit, exclusive of cost of living supplements, can be considered in determining whether the employee is eligible to continue to receive supplementary payments. In other words, we held in *Nakpodia* that in computing whether the combined disability benefit entitlement is less than 80 percent of the average monthly earnings, so as to qualify the claimant for further supplementary payments, the supplements being received should not be a component in the equation. Implicit in that holding is the proposition that the supplement, once received, does not become fixed,

---

* This is not a case where a claimant, having previously received cost of living supplements, is ineligible for such a supplement during one year, subsequently becomes entitled to a supplement during a succeeding year, and claims that the past supplements to which he had been entitled should be reinstated. We express no opinion on that question and decide only the narrow issue put by the facts in the present case.

frozen, or permanent as an integral part of the disability benefit entitlement.

In sum, we hold that the Commission was correct in concluding in this case that "the employee is entitled to no prior or future supplements so long as his Social Security payment and the basic award equal eighty percent of his average monthly wage." Accordingly, the award appealed from will be

*Affirmed.*