## Richmond

JUDITH ANNE NELSON

V.

REMOR RESTAURANT, INC., ET AL.

Record No. 831910.

January 18, 1985.

Present: All the Justices.

*Peter M. Sweeny (Ashcraft & Gerel*, on brief), for appellant.
*Edward H. Grove, III (Brault, Geschickter, Palmer & Grove*, on brief), for appellee.

PER CURIAM.

In this appeal from the Industrial Commission, we construe Code § 65.1-99.1* to determine the proper method of calculating cost-of-living supplements.

Judith Anne Nelson was injured in an industrial accident on October 27, 1979, while employed by Remor Restaurant, Inc. Because her average weekly wage was $144.69, Nelson was awarded $96.46 per week temporary total disability compensation. Pursuant to § 65.1-99.1, this award was increased by cost-of-living supplements of 13.3% on October 1, 1980, 12.45% on October 1, 1981, and 8.8% on October 1, 1982.

Remor contends, and the Commission ruled, that the supplements should be computed as a percentage of the $96.46 base award. More specifically, the Commission opined that the initial cost-of-living supplement for the year immediately following the year in which the base award was made shall be computed as a percentage of the base rate (*i.e.*, 13.3% x $96.46 = $12.83), making the allowance as supplemented $109.29. The Commission further ruled, however, that "each successive cost of living increase, if any, is also to be computed as a percentage of the *basic compensation rate* and added to the total of prior cost of living supplements." (Emphasis added.) Nelson challenges this ruling.

Nelson contends that § 65.1-99.1 requires that the cost-of-living supplements be "compounded." To illustrate, she claims that because the first cost-of-living supplement increased her benefit allowance to $109.29, the next cost-of-living increase (12.45%) is based upon the new compensation rate ($109.29) and not the original rate ($96.46). Therefore, she argues, her second increase

---

* Code § 65.1-99.1 reads in pertinent part as follows:

The amounts of supplementary payments provided for herein shall be determined as a percent of the benefit allowances supplemented hereby. Said percent shall be determined by reference to the increase, if any, in the United States Average Consumer Price Index for all items, as published by the Bureau of Labor Statistics of the United States Department of Labor, from its monthly average, from one calendar year to another.

Amounts of supplementary payments shall be determined initially as of July one nineteen hundred seventy-six, based on the percent increase, if any, of the Average Consumer Price Index for all items from the calendar year nineteen hundred seventy-four to the calendar year nineteen hundred seventy-five and successively annually thereafter. Any change in the cost of living supplement determined as of any determination date shall become effective as of October one next following such determination date and as the case may be, shall be added to or subtracted from any cost of living supplements previously payable; however, compensation paid the claimant under this section shall at no time exceed the then current maximum weekly amount payable under § 65.1-54.

would be 12.45% x $109.29 (which is $13.61), making the new weekly compensation $122.90 (*i.e.*, $109.29 + $13.61).

To resolve this controversy, we focus upon that portion of § 65.1-99.1 which reads: "The amounts of supplementary payments provided for herein shall be determined as a percent of the *benefit allowances supplemented hereby.*" (Emphasis added.) The term "benefit allowances supplemented hereby" means allowances which have had cost-of-living adjustments. Thus, the amount of the supplement shall be determined by multiplying the percentage of change by the benefit allowances as previously supplemented.

The original benefit allowance was $96.46. Both parties agree that the next benefit allowance, after the original has been supplemented by the cost-of-living increase, is $109.29. We conclude that this figure ($109.29) then becomes "the benefit allowances supplemented hereby" as that term is used in § 65.1-99.1.

Thus, the new benefit allowance becomes the basis for computing the next increase or decrease in the cost-of-living. In other words, the General Assembly intended that the most recent benefit allowance, not the original or base allowance, be used in adjusting the allowance for the next succeeding year. Had the General Assembly intended that a percentage of the *original* allowance be used in determining the appropriate cost-of-living adjustment, it would have said so.

Accordingly, we will reverse the award and remand the case to the Industrial Commission for the entry of an award consistent with this opinion.

*Reversed and remanded.*