## Richmond

### COMMONWEALTH OF VIRGINIA DEPARTMENT OF HIGHWAYS AND TRANSPORTATION

v.

### BRUCE D. WILLIAMS

No. 0545-85

Argued September 11, 1985

Decided January 7, 1986

350

COUNSEL

John J. Beall, Jr., Senior Assistant Attorney General (Gerald L. Baliles, Attorney General; Walter A. McFarlane, Deputy Attorney General, on brief), for appellant.

Benjamin J. Trichilo (Lewis & Trichilo, on brief), for appellee.

OPINION

KEENAN, J.—In *Nelson* v. *Remor Restaurant, Inc.*, 228 Va. 607, 324 S.E.2d 658 (1985), the Supreme Court held that cost-of-living supplements awarded under Code § 65.1-99.1 must be computed on a compounded basis by adding accrued supplements to the original benefit allowance. In the present case, the Industrial Commission applied *Nelson* retroactively and the Department of Highways and Transportation, the employer, has appealed. The issues we face are: (1) whether the method of computation announced in *Nelson* applies retroactively; (2) whether Rule 13(B) of the Rules of the Industrial Commission applies to limit any retroactive recomputation to a period of time no more than fifty days prior to the date of a change in condition application;[1] and (3) whether retroactive cost-of-living supplements are barred by the

---

[1] Rule 13(B) was amended effective September 1, 1985, to extend the period of an award to no more than ninety days prior to the application.

case of *Bristol Door & Lumber Co.* v. *Hinkle*, 157 Va. 474, 161 S.E. 902 (1932). We find that *Nelson* should be applied retroactively and that neither Rule 13(B) nor *Bristol Door* prohibit full retroactivity of the *Nelson* decision.

The facts of the case are not in dispute. Bruce Williams suffered an injury on December 6, 1978, while employed by the Department of Highways and Transportation. The parties executed a Memorandum of Agreement setting forth an average weekly wage of $192.80 with a corresponding compensation rate of $128.53. The Commission entered an award on August 21, 1979, in accordance with the agreement. This award has remained in effect.

Cost-of-living supplements were paid by the Department based on the original compensation rate. On July 28, 1983, Williams requested a hearing for the purpose of determining whether the Department should be ordered to recompute these cost-of-living supplements on a compounded basis. The Commission responded that the request would be held in abeyance pending the outcome of *Nelson*, where the same issue was under consideration.

On January 18, 1985, the Supreme Court decided *Nelson*. Williams renewed his request for a recalculation of the cost-of-living supplements on January 25, 1985. By order dated April 3, 1985, the Commission ruled that "supplementary benefits provided for in Section 65.1-99.1, Code of Virginia, are to be determined as of the date of effective application of the statute. All supplementary benefits payable on awards of the Industrial Commission subsequent to July 1, 1976, are now payable pursuant to interpretation of the statute by the Virginia Supreme Court in *Nelson* v. *Remor Restaurant*."

The Department argues that prior to *Nelson*, it had been established Commission practice to compute cost-of-living supplements as a percentage of the original compensation rate without adding intervening cost-of-living supplements. Thus, the Department argues, *Nelson* should not be applied retroactively because it was a departure from prior practice and was not clearly foreshadowed. The Department argues that employers and their insurance carriers have relied on the pre-*Nelson* method of computation and that the advantages to be gained by applying *Nelson* retroactively are outweighed by considerations of hardship, injustice and the impact upon Department administration.

The Department further argues that cost-of-living supplements awarded under Code § 65.1-99.1 are compensation within the meaning of Rule 13(B), thus limiting retroactivity of such awards to no more than fifty (now ninety) days prior to the claimant's change in condition application. If Rule 13(B) does not apply, the Department argues that no retroactive award can be made in light of *Bristol Door & Lumber Co. v. Hinkle*, 157 Va. 474, 161 S.E. 902 (1932). There, the court ruled that compensation awards are effective from the date of the claimant's change in condition application.[2] *Id.* at 479, 161 S.E. at 904.

Williams argues that *Nelson* should be applied retroactively because the statutory language construed has remained unchanged since its enactment in 1975. According to Williams, if *Nelson* is applied only prospectively, Code § 65.1-99.1 would have two meanings, one pre-*Nelson* and the other post-*Nelson*. This result, argues Williams, would amount to a legislative act on our part. Williams further argues that since cost-of-living benefits are designated "supplementary" in Code § 65.1-99.1, the Commission was correct in ruling that such payments are not within the scope of Rule 13(B).

## II.

As a general rule in Anglo-American jurisprudence, judicial decisions are to be applied retroactively. *Cash v. Califano*, 621 F.2d 626, 628 (4th Cir. 1980). Nevertheless, it has long been recognized that under certain circumstances judicial decisions may be denied retroactive effect. In *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), the Supreme Court set out three factors for consideration in determining whether a judicial decision should be given only prospective effect:

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed. . . . Second, it has been stressed that "we must . . . weigh the merits and demerits in each case by

---

[2] This ruling was modified by Industrial Commission Rule 13(B) which, at the time of claimant's application, allowed compensation awards to take effect up to fifty days prior to the filing of the change in condition application. *See supra* note 1.

looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." . . . Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

404 U.S. at 106-07. (citations omitted).

The Department cites *Fountain v. Fountain*, 214 Va. 347, 200 S.E.2d 513 (1973), *cert. denied*, 416 U.S. 939 (1974), as the relevant standard in Virginia. There, the court ruled that its decision in *Surratt v. Thompson*, 212 Va. 191, 183 S.E.2d 200 (1971), abolishing inter-spousal immunity in automobile personal injury actions should be given only prospective effect. The court stated that "consideration should be given to the purpose of the new rule, the extent of the reliance on the old rule and the effect on the administration of justice of a retroactive application of the new rule." *Fountain*, 214 Va. at 348, 200 S.E.2d at 514-15.

The court's decision in *Fountain* was strongly influenced by the potential hardship which could result to litigants and insurance carriers who had justifiably relied on the old rule. In addition, the court was concerned that retroactive effect would open claims which had never been properly investigated. *Id.* at 349-50, 200 S.E.2d at 515.

 As the moving party, the Department has the burden of "presenting the necessary equitable predicate" for nonretroactivity. *Cash*, 621 F.2d at 629. Consideration of the relevant factors does not involve "a discrete reference to each separate factor, but . . . an analysis of how they interact with one another." *Id.* The final determination must be based on whether, after consideration of all the factors, retroactivity would produce an inequitable result. *Id.* at 631. We find no inequitable result here.

In reaching this conclusion, we find it significant that *Nelson* did not overrule a prior judicial decision or establish a new principle of law, as did the *Surratt* decision. In addition, no new statutory language was construed in *Nelson*. The language of the statute has remained unchanged since its enactment in 1975 and had

not been previously interpreted by the Supreme Court.

The Department contends, however, that *Nelson* represented a sharp break with prior practice in that it invalidated the method of computation which had been established by the Commission. *Ramsey* v. *Kemper Carpet Care, I.C.*, 62 O.I.C. 364, 365 (1983). The Department further argues that the Supreme Court in *Atchison* v. *May Department Stores*, 225 Va. 525, 304 S.E.2d 640 (1983), had implicitly approved the Commission's interpretation of Code § 65.1-99.1 by setting out an illustrative table of payments using the Commission's method of computation. *Id.* at 528, 304 S.E.2d at 642. The proper method of computation, however, was not an issue in *Atchison*, nor was it necessary for determination of the case.

While the cases cited by the Department demonstrate that reliance on the pre-*Nelson* computation method may have been justified, our inquiry is not limited to this factor alone. We must also consider the purpose of the statute and whether applying *Nelson* retroactively would produce substantial inequitable results.

█ It has long been recognized that the Workers' Compensation Act was adopted as a remedial statute for the benefit of employees and their dependents and should be liberally construed in favor of the workers. *Barker* v. *Appalachian Power Co.*, 209 Va. 162, 166, 163 S.E.2d 311, 314 (1968); *Byrd* v. *Stonega Coke & Coal Co.*, 182 Va. 212, 221, 28 S.E.2d 725, 729 (1944). The manifest purpose of Code § 65.1-99.1 is to ensure, as much as possible, that the value of benefits paid under the Act does not diminish due to inflation. However, the value of William's benefits has diminished as a result of the Commission's method of computation.

The Department states that it would not serve the purpose of the statute to pay Williams increased cost-of-living supplements for the period of time prior to his July 28, 1983, application for a change in condition. It argues that the statute does not contemplate an accumulated lump sum payment, but rather ongoing incremental payments to lessen the effect of rises in the cost-of-living as they occur. This argument, in effect, acknowledges that Williams may have been entitled to higher supplements but seeks to deny him actual compensation for such sums because the period in which they were due has passed. We find this position at odds with the beneficent purpose of the Act. Such purpose would

be better served by a retroactive application of *Nelson*, thus ensuring that Williams receives the full amount due him. Further, we find nothing in *Nelson* which suggests that supplementary payments under the proper method of computation should be limited to the period of time after a change in condition application has been filed.

It remains to be considered whether retroactive application of *Nelson* would lead to substantial injustice. Although it is conceded that the amount in controversy here is small, the Department argues that the number of potential claimants and the amounts at issue in other cases will be large. We find the Department's contentions in this regard to be vague and conclusory. While it is clear that the Department and other employers will face increased costs, no substantial hardship or injustice has been shown. Retroactive application of *Nelson* would not, for example, expose employers to new claims. Entitlement both to compensation and cost-of-living supplements will have already been established by recipients who benefit from *Nelson*. Further, under *Jewell Ridge Coal Corp.* v. *Wright*, 222 Va. 68, 70, 278 S.E.2d 820, 821 (1981), cost-of-living supplements are not self-executing and are only awarded pursuant to a change in condition application. This rule applies as well to those who wish to have their cost-of-living supplements recomputed using the *Nelson* formula. It is also significant that in no case will a recomputation go back further than July 1, 1976, the effective date of the statute. This limits both the extent of recomputation and the amounts in question.

Finally, while retroactive application of *Nelson* may have a financial impact on employers, "financial impact alone is an insufficient basis to mandate nonretroactivity." *Cash*, 621 F.2d at 632.

Having concluded that *Nelson* should be applied retroactively, we next consider the Department's argument that retroactivity is either limited by Industrial Commission Rule 13(B), or barred by the case of *Bristol Door & Lumber Co.* v. *Hinkle*, 157 Va. 474, 161 S.E. 902 (1932). Rule 13(B), which deals with procedural aspects of change in condition applications, provided, at the time of the Williams' application, that, "[N]o additional compensation may be awarded more than fifty days prior to the filing of the application." If cost-of-living benefits are compensation within the meaning of the Rule, as argued by the Department, Williams is not entitled to any sums which accrued prior to the fifty day pe-

riod before his change in condition application was filed.

The Industrial Commission has consistently ruled that cost-of-living benefits are not compensation within the meaning of Rule 13(B). In *Hall v. Conoco*, 62 O.I.C. 201, 202 (1983), the Commission stated that cost-of-living supplements "are not compensation but rather are supplemental payments to which the claimant is entitled in addition to compensation due under other provisions of the Workmen's Compensation Act." This interpretation reflects the working of Code § 65.1-99.1 which states that "cost of living supplements shall be payable, in addition to the other benefits payable under this Act."

The supplementary nature of cost-of-living payments has been reinforced by the Supreme Court as well. In *Atchison v. May Department Stores Co.*, 225 Va. 525, 531-32, 304 S.E.2d 640, 644 (1983), the court ruled that cost-of-living supplements do not become fixed as an integral part of the disability benefits entitlement, and that past supplements should not be used in computing eligibility for future supplements.[3] The court stated, "Nowhere does the statute provide for annual vesting of supplements." 225 Va. at 531, 304 S.E.2d at 644. Further, unlike cost-of-living supplements, which must be applied for annually by the claimant through a change in condition application, *Jewell Ridge Coal Corp. v. Wright*, 222 Va. 68, 70, 278 S.E.2d 820, 821 (1981), compensation benefits remain fixed unless the employer establishes a change in condition.

Accordingly, we believe the Commission's decision that Rule 13(B) does not apply to cost-of-living supplements is supported by the distinctions which exist between such payments and the compensation paid for actual disability.

Finally, we do not believe that retroactive cost-of-living payments are barred by the case of *Bristol Door & Lumber Co. v. Hinkle*, 157 Va. 474, 161 S.E. 902 (1932). It must first be noted that *Bristol Door* was decided long before the Act provided for cost-of-living benefits. In addition, that case decided only that an award of compensation should be dated from the change in condi-

---

[3] We note that *Atchison* differs from *Nelson*, where the issue was not *eligibility* for cost-of-living supplements but the method of calculating *amounts*. 225 Va. at 528, 304 S.E.2d at 642.

tion application. As we have stated, however, there is a difference between compensation awards and cost-of-living supplements.

In *Bristol Door*, the court was concerned that if claimants could receive retroactive compensation awards employers might not be given the opportunity to furnish medical or rehabilitative aid at the time a changed condition first came about. 157 Va. at 478, 161 S.E. at 903. Such concerns, however, are not relevant to cost-of-living entitlements because the determination whether a claimant is entitled to a cost-of-living supplement is not based on any actions which the employer may or may not have taken. We, therefore, find nothing in that case to prevent an award of cost-of-living supplements for the period of time prior to Williams' change in condition application.

In summary, we believe that the rule in *Nelson* v. *Remor Restaurant, Inc.* may be applied retroactively; that cost-of-living supplements are not compensation within the meaning of Rule 13(B); and that the case of *Bristol Door & Lumber Co.* v. *Hinkle* does not bar cost-of-living supplements for periods of time prior to the change in condition application. The decision of the Industrial Commission is, therefore, affirmed.

*Affirmed.*

Benton, J., and Barrow, J., concurred.