## DAVID T. ARMSTRONG'S CASE.

Suffolk. December 9, 1993. - January 20, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Workers' Compensation*, Double compensation, Serious and wilful miscon-
duct of employer.

A claimant, entitled to doubled workers' compensation benefits pursuant to
G. L. c. 152, § 28, was not entitled to have benefits awarded as cost of
living adjustments under G. L. c. 152, § 34B, doubled as well, where
the cost of living adjustment by its own terms was not "compensation"
within the meaning of § 28, but a "supplement to weekly compensa-
tion" and where the source of the adjustment payments was not the
insurer but a trust fund funded by all employers subject to the act.
[798-803]

APPEAL from a decision of the Industrial Accident Re-
viewing Board.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Norman Beane* (*Edward J. Murphy, Jr.*, with him) for the
employee.

*David L. Cronin* for Royal Globe Insurance Company.

*Steven D. O'Connell*, for Insurance Company of North
America, amicus curiae, submitted a brief.

GREANEY, J. This appeal from a decision of the Industrial
Accident Reviewing Board (board) requires that we consider
the relationship between two provisions of the Workers'
Compensation Act (act). The two provisions at issue are
G. L. c. 152, § 28, which provides for double compensation
in cases of "serious and wilful misconduct of an employer,"
and G. L. c. 152, § 34B, which provides for a cost of living
adjustment to compensation. There is no dispute that the em-
ployee, David T. Armstrong (claimant), is entitled to have

his basic compensation both doubled and supplemented by a cost of living adjustment. The question is whether he is entitled also to benefits produced by combining those two factors, that is, whether he is entitled to a doubling of the cost of living supplement. The board determined that he is not, and we agree.

We summarize the facts which are undisputed. On March 10, 1971, the claimant suffered a severe head injury. His employer's workers' compensation insurer, Royal Globe Insurance Company (insurer), voluntarily paid, from the date of the claimant's injury, workers' compensation benefits under applicable provisions of G. L. c. 152, §§ 34 & 34A (providing compensation for, respectively, total incapacity and permanent and total incapacity). On May 11, 1977, the claimant filed a claim for doubled compensation under G. L. c. 152, § 28. The board determined that the claimant was entitled to doubled compensation, and that decision is not at issue.

This case was initiated on February 2, 1987, when the claimant filed a claim for a cost of living adjustment to his compensation. See G. L. c. 152, § 34B, as inserted by St. 1985, c. 572, § 43A. The claimant's claim for a cost of living adjustment was heard in a conference before an administrative judge. See G. L. c. 152, § 10A. The administrative judge decided that the claimant was entitled under G. L. c. 152, § 34B, to receive a cost of living adjustment to his compensation, but the judge denied "the claimant's claim for a [cost of living] supplement to his benefits under [G. L. c. 152,] § 28."[1] The claimant appealed pursuant to G. L. c.

[1]As described in note 4, *infra*, the language of the act does not support an award of a cost of living adjustment to doubled compensation. That is not, however, the claimant's claim. Instead, he argues for an interpretation that has a similar, but not identical, effect, namely, a doubling of all of the claimant's compensation, only a part of which is the cost of living adjustment. The distinction is significant for those benefits that are subject to doubling under § 28 but are not included in § 34B's provision for cost of living adjustments. For example, compensation for medical benefits is doubled under § 28, see *Boardman's Case*, 365 Mass. 185 (1974), but it is not included among the benefits that receive cost of living adjustments. The claimant's claim does not, as we understand it, seek cost of living

152, § 10A (3), and his claim was heard by the same administrative judge under G. L. c. 152, § 11. In the hearing, the judge determined that, under §§ 28 and 34B, the claimant was entitled to receive a doubled cost of living adjustment. The insurer appealed this decision to the reviewing board pursuant to G. L. c. 152, § 11C.

The reviewing board reversed the decision of the administrative judge. Based on its decision in *Lumi's Case* (No. 37742-75), filed the same day,[2] the board decided that a cost of living adjustment under G. L. c. 152, § 34B, is not subject to doubling under G. L. c. 152, § 28. The claimant appealed the board's decision to a single justice of the Appeals Court pursuant to G. L. c. 152, § 12 (2), who reported the case to a panel of Justices of that court. We transferred the case to this court on our own motion. Our review of the board's decision is governed by G. L. c. 30A, § 14. See *Lettich's Case*, 403 Mass. 389, 395 (1988). In the context of the issue in dispute, we should disturb the board's decision only if it is "[b]ased upon an error of law." G. L. c. 30A, § 14 (7) (c). Moreover, we are directed to "give due weight to the experience, technical competence, and specialized knowledge of the agency." G. L. c. 30A, § 14 (7).

We begin with the language of the statutes at issue. General Laws c. 152, § 28, provides, in relevant part, as follows:

> "If the employee is injured by reason of the serious and wilful misconduct of an employer or of any person regularly intrusted with and exercising the powers of superintendence, the amounts of compensation hereinafter provided shall be doubled. In case the employer is insured, he shall repay to the insurer the extra compensation paid to the employee. If a claim is made under this

adjustments, single or double, for those benefits not explicitly listed in § 34B.

[2]That case, like the present one, was appealed to the Appeals Court. *Lumi's Case* (Massachusetts Appeals Court No. 92-J-188). It was stayed by that court on March 26, 1992, pending the decision in this case.

section, and the employer is insured, the employer may appear and defend against such claim only."

General Laws c. 152, § 34B (as amended through St. 1986, c. 662, § 30), provides, in relevant part, as follows:

> "Any person receiving or entitled to receive the benefits under the provisions of [G. L. c. 152, § 31 or 34A] whose benefits are based on a date of personal injury at least twenty-four months prior to the review date shall be paid, without application, a supplement to weekly compensation to the extent such supplement shall not reduce any benefits such person is receiving pursuant to federal social security law."[3]

The claimant's claim depends on an interpretation of § 28 under which that statute's reference to the doubling of "the amounts of compensation hereinafter provided" includes the cost of living supplement provided under § 34B.[4] The cost of living adjustment was, at the times relevant to this case, defined in § 34B not as compensation, but as "a supplement to weekly compensation."[5] Thus a literal reading of the language of the two sections suggests that the cost of living adjustment is not to be treated as compensation in itself. This interpretation is supported by the only other case of which we are aware that considers whether cost of living adjustments are "compensation" in the workers' compensation con-

---

[3] The "review date" is October 1 of each year, at which time the claimant's cost of living adjustment is calculated through a detailed scheme set forth in the statute. This scheme is not at issue.

[4] This is so because § 34B cannot be interpreted to .provide a cost of living supplement to doubled compensation. Under § 34B, the base benefit on which the cost of living adjustment is to be calculated is defined as "[t]he death benefit under section thirty-one or the permanent and total disability benefit under section thirty-four A that was being paid prior to any adjustments." G. L. c. 152, § 34B (*b*). There is thus no provision for a cost of living supplement to benefits awarded under § 28.

[5] Section 34B was amended by St. 1991, c. 398, § 61. The amendment was made substantive, St. 1991, c. 398, § 106, so it is the statute prior to amendment that is under consideration.

text.[6] In *Virginia Dep't of Highways & Transp.* v. *Williams*, 1 Va. App. 349 (1986), the Court of Appeals of Virginia determined that cost of living supplements were not compensation within the meaning of a Virginia workers' compensation rule. *Id.* at 355-356. Although that case arose in the specific context of the Virginia rule, its treatment of the Virginia cost of living provision is instructive.[7]

There is further reason to treat the cost of living adjustment differently from other workers' compensation benefits. The cost of living adjustment under § 34B is paid not by the insurer, but by a statutorily-created trust fund funded by all employers subject to the act. See G. L. c. 152, §§ 34B (*c*),

---

[6]Other decisions brought to our attention by the insurer, or referred to in the board's decision, concerning the issue of cost of living adjustments as compensation are not directly relevant to the problem we are considering because the decisions deal with the problem in different contexts. We see no need to discuss these decisions. See generally *Campbell* v. *Bates Fabrics, Inc.*, 422 A.2d 1014 (Me. 1980); *Bernard* v. *Cives Corp.*, 395 A.2d 1141 (Me. 1978); *Kincaid* v. *Detroit Mut. Ins. Co.*, 431 Mich. 426 (1988); *Atchison* v. *May Dep't Stores Co.*, 225 Va. 525 (1983); *Clinchfield Coal Co.* v. *Anderson*, 222 Va. 62 (1981).

[7]The Virginia court considered the nature of that State's cost of living adjustments in the context of Virginia Industrial Commission Rule 13 (B), which disallowed payments of compensation for periods more than fifty days prior to an employee's application. The court made the following comments:

> "The Industrial Commission has consistently ruled that cost-of-living benefits are not compensation within the meaning of Rule 13(B). In *Hall* v. *Conoco*, 62 O.I.C. 201, 202 (1983), the Commission stated that cost-of-living supplements 'are not compensation but rather are supplemental payments to which the claimant is entitled in addition to compensation due under other provisions of the Workmen's Compensation Act.' This interpretation reflects the wording of [Virginia] Code § 65.1-99.1 which states that 'cost of living supplements shall be payable, in addition to the other benefits payable under this Act.' " *Virginia Dep't of Highways & Transp.* v. *Williams*, 1 Va. App. 349, 356 (1986).

The statutory language in the Virginia and Massachusetts Compensation Acts is similar: the Virginia statute describes the cost of living adjustments as payable "in addition to" other benefits, and G. L. c. 152, § 34B, describes the adjustments as "a supplement to weekly compensation." The similarity makes it appropriate that we, like the Virginia court, treat the cost of living adjustments as distinct from compensation.

65 (2).[8] This distinguishes it from compensation under other sections, which are generally paid by the insurer, or by the employer, if it is self-insured. See G. L. c. 152, § 26 (employee "shall be paid compensation by the insurer or self-insurer"). Section 28, in fact, appears to contemplate that the compensation to which it will apply is that paid by insurers (or self-insurers) in its provision that "[if] the employer is insured, he shall repay to the insurer the extra compensation paid to the employee."[9] Because benefits under §§ 31 and 34A are paid by the employer or its insurer, but cost of living adjustments to those benefits under § 34B are paid by the trust fund, we think that different treatment of the two classes of benefits is justified.[10] Cf. *Thayer's Case*, 345 Mass. 36, 42-44 (1962) (distinguishing compensation under § 28, which is paid by employer, from compensation under § 26, which is paid by insurer); *Kincaid* v. *Detroit Mut. Ins. Co.*,

_____

[8]Sections 34B and 65 were both amended by St. 1991, c. 398. However, the changes to § 65 were made procedural, see St. 1991, c. 398, § 107, and the changes to § 34B are not relevant to this case.

[9]This conclusion is strengthened by consideration of the place of § 28 in the act. Section 28 is one of a series of sections in the act that set out general provisions governing benefits under the act. See G. L. c. 152, § 26 (right to workers' compensation); § 26A (effect of suicide on dependents' entitlement to compensation); § 26B (joint and several liability of insurers); § 27 (effect of wilful misconduct of employee); § 28 (effect of wilful misconduct of employer). Section 26, the basic section establishing the claimant's right to compensation, provides that an injured claimant "shall be paid compensation by the insurer or self-insurer." We think it probable, therefore, that the reference to compensation in § 28 also contemplates benefits paid by the insurer.

[10]The insurer makes a related argument that a doubling of the cost of living adjustment would impose punitive costs on all employers, including those who are innocent of "serious and wilful misconduct," by requiring payment from the trust fund to which all employers contribute. Our point here is more limited, noting only that the provision in § 65 for a distinct payment scheme for cost of living adjustments indicates that those adjustments are not necessarily to be treated as the same as basic compensation. The insurer's argument does, however, point out an anomaly in the statutory scheme. The issue could perhaps be resolved by reference to the provision of § 28 that doubled compensation payments be reimbursed to the insurer by the employer, but it is not clear whether that provision could also be read to require reimbursement to the trust fund.

The claimant has suggested that this anomaly was eliminated by St.

431 Mich. 426, 440 (1988) ("the term 'weekly compensation' and slight variations thereof are used . . . to refer to that compensation which is the obligation of the employer," including, presumably, employer's insurer).

The source of funding specifically distinguishes the cost of living adjustment from medical benefits under G. L. c. 152, § 30, which we have decided are subject to the doubling provision of § 28. See *Boardman's Case*, 365 Mass. 185 (1974). The claimant argues that it follows from that decision that cost of living adjustments should be doubled as well. We relied in *Boardman's Case*, however, on the similarities in the treatment of medical expenses and other workers' compensation payments. See *id*. at 193, noting that under G. L. c. 152, § 15, recoveries from third parties are applied first to reimburse the insurer for payments made for medical expenses as well as other compensation.[11] Those similarities do not exist

---

1991, c. 398, § 85, which amended G. L. c. 152, § 65 (2), to read as follows:

"There is hereby established a trust fund in the state treasury, known as the Workers' Compensation Trust Fund, the proceeds of which shall be used to pay or reimburse the following compensation: (a) reimbursement of adjustments to weekly compensation pursuant to [§ 34B]; . . . (e) payment of benefits resulting from approved claims against employers subject to the personal jurisdiction of the commonwealth who are uninsured in violation of this chapter; provided, however, that (i) the claimant is not entitled to workers' compensation benefits in any other jurisdiction; (ii) *no benefits pursuant to [§ 28]* and no interest pursuant to [§ 50] *shall be payable out of the trust fund*" (emphasis added).

It appears to us, however, that the problem remains, in that the amendment's elimination of trust fund payments for benefits under § 28 seems to be limited in its applicability only to § 65 (2) (*e*), providing for payments for uninsured employers. If the exclusion had been intended to apply to § 65 (2) (*a*), the subsection that provides for cost of living adjustments, it would presumably not have been inserted only after subsection (2) (*e*).

[11]We also relied in *Boardman's Case* on prior holdings that medical benefits "are a part of the compensation to which the workman is entitled." *Id*. at 192-193, quoting *Panasuk's Case*, 217 Mass. 589, 592 (1914). See also *Wahlberg* v. *Bowen*, 229 Mass. 335, 337 (1918); *MacAleese's Case*, 308 Mass. 513, 514-515 (1941).

in the present context of cost of living adjustments. As a result, *Boardman's Case* is of little force here.

We recognize that not allowing doubled compensation under § 28 to include the same cost of living increase that is applied to disability compensation will not mitigate the deterioration in value of the claimant's benefits due to economic conditions. The purposes of both § 28 and § 34B may be served less well when the payments required thereunder are paid with constant dollars that have become less valuable, both to the employer and the claimant, as the cost of living has risen. The Legislature, however, has not spoken clearly or, perhaps, definitively, on the subject, and we are required to interpret the act as it is written. We conclude that doubled workers' compensation benefits under G. L. c. 152, § 28, do not include benefits awarded as cost of living adjustments under G. L. c. 152, § 34B. The decision of the board is affirmed.

*So ordered.*