COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Lemons[*] and Frank
Argued at Chesapeake, Virginia


ARA HEALTH SERVICES AND
 OLD REPUBLIC INSURANCE COMPANY

                                   MEMORANDUM OPINION[**] BY
v.    Record No. 1660-99-1          JUDGE DONALD W. LEMONS
                                        MARCH 28, 2000
EDITH FLAX


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            S. Vernon Priddy III (Sands, Anderson,
            Marks & Miller, on brief), for appellants.

            Matthew H. Kraft (Stephen A. Strickler;
            Inman & Strickler, P.L.C., on brief), for
            appellee.


     ARA Health Services and Old Republic Insurance Company

("employer") appeal the decision of the Virginia Workers'

Compensation Commission.  On appeal, the employer contends:  (1)

the commission erred by holding that it has the authority and

jurisdiction to award retroactive cost-of-living benefits more

than ninety days before the date of the application seeking such

benefits; (2) that the commission erred when it held that it has

the authority and jurisdiction to award retroactive

---

     [*] Justice Lemons prepared and the Court adopted the opinion
in this case prior to his investiture as a Justice of the
Supreme Court of Virginia.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

cost-of-living benefits for up to 500 weeks of benefits; (3) that the commission erred when it held that Edith Flax's claim for cost-of-living benefits was timely under the applicable statute of limitations; and (4) that the commission erred when it failed to bar Flax's claim for cost-of-living benefits under the doctrine of laches.  Finding no error, we affirm the decision of the commission.

## I.   BACKGROUND

On May 22, 1987, the claimant, Edith Flax, tripped and fell in an unlit stairwell while working for the employer and suffered a compensable injury to her right knee.  The claim was accepted and compensation benefits paid for the statutory period, terminating on January 6, 1997.  During this time, the total amount of compensation benefits paid Flax was $97,135.31.  Flax did not apply for cost-of-living supplements during the 500 weeks that she received compensation.

On June 19, 1997, Flax filed her application seeking permanent partial disability benefits as well as cost-of-living supplements in the amount of $19,166.26.  Accompanying the claim was documentation from the Social Security Administration that Flax had been denied supplemental Social Security income, was ineligible for Social Security disability and, therefore, had not received any money from the Administration.

Deputy Commissioner Phillips heard the matter on October 9, 1997 and issued an opinion dated November 10, 1997 awarding Flax

-

cost-of-living supplements and denying permanent partial disability benefits. Employer requested a review of the award, and the full commission remanded the matter to the hearing docket because Flax had a pending application for Social Security benefits. Flax was denied Social Security benefits for the period for which she sought cost-of-living supplements. The parties stipulated that the deputy commissioner supervising the matter on remand could return it to the review docket for decision upon the record and written submissions that had followed the original opinion and request for review. The full commission affirmed the award of cost-of-living supplements. Employer appeals the commission's award.

## II. COST-OF-LIVING SUPPLEMENTS

### A. TIMELINESS OF FLAX'S APPLICATION

Employer contends that Flax's application for cost-of-living supplements was not timely made and if no statute of limitations is applicable, in the alternative, it contends that the application was still untimely under the doctrine of laches. When Flax's accident occurred, Code § 65.1-99.1 governed her entitlement to cost-of-living supplements. These supplements are not self-executing, see Jewell Ridge Coal Corp. v. Wright, 222 Va. 68, 71, 278 S.E.2d 820, 822 (1981), however, and to receive cost-of-living supplements, the claimant must file an application pursuant to Code § 65.2-708. Code § 65.2-708 states, "[n]o such review shall be made after

-

twenty-four months from the last day for which compensation was paid, pursuant to an award under this title . . . ."  We agree with the commission that Flax was clearly within this time frame when she requested cost-of-living supplements.

Having determined that the applicable statute of limitations for receiving cost-of-living supplements is found in Code § 65.2-708 and that Flax brought her claim within the limitations period, employer's plea of laches must fail and we do not address the issues of prejudice that it has argued on appeal.  As has been stated,

> [n]o principle is better established, or more uniformly acted on in courts of equity, than that in respect to the statute of limitations- equity follows the law- that is to say, if a legal demand be asserted in equity, which at law is barred by statute, it is equally barred in a court of equity; and if not barred by statute at law, neither is it barred in equity.  Rowe v. Bentley, 29 Gratt. 756-759.

Coles v. Ballard, 78 Va. 139, 149 (1883) (emphasis added); see United States v. Mack, 295 U.S. 480, 489, 55 S. Ct. 813, 818, 79 L.Ed. 1559 (1935) ("Laches within the term of the statute of limitations is no defense at law.").

B.  RETROACTIVE AWARD OF COST-OF-LIVING SUPPLEMENTS

Even if the application was timely made, employer argues that pursuant to the ninety-day limitation under the commission's Rule 13(B) (now Rule 1.2(B)) and the decision of Bristol Door & Lumber Co. v. Hinkle, 157 Va. 474, 161 S.E. 902

-

(1932), an award of cost-of-living supplements for any period before ninety days prior to the filing of a request for such supplements, especially after the claimant waited until her 500 week period of receiving disability benefits ended, is barred and, if the ninety-day limitation does not apply, Bristol Door and its progeny bar an award for cost-of-living adjustments for any period prior to the filing of a request for such supplements. We disagree.

The time limitations that the employer would apply to bar the payment of retroactive cost-of-living supplements govern compensation benefits paid pursuant to the Workers' Compensation Act, such as temporary total, temporary partial, permanent partial and permanent total benefits. Employer's argument confuses cost-of-living supplements with compensation benefits payable pursuant to the Act and contends that Flax's cost-of-living benefits should, therefore, be subject to the same limitations applicable to compensation benefits.

This Court in Commonwealth Dept. of Highways and Transp. v. Williams, 1 Va. App. 349, 338 S.E.2d 660 (1986), and the commission, in Rule 1.2(B), have specifically held that the limitation precluding the award of benefits for more than ninety days prior to the filing of a claim under Code § 65.2-708 is not applicable to cost-of-living supplements. We recognized that the commission "has consistently ruled that cost-of-living benefits are not compensation within the meaning of Rule 13(B)."

-

Williams, 1 Va. App. at 356, 338 S.E.2d at 665.  The purpose of cost-of-living supplements is "to ensure, as much as possible, that the value of benefits paid under the Act does not diminish due to inflation."  Id. at 354, 338 S.E.2d at 664.  We noted that "Bristol Door was decided long before the Act provided for cost-of-living benefits" and that the concern there was that "if claimants could receive retroactive compensation awards employers might not be given the opportunity to furnish medical or rehabilitative aid at the time a changed condition came about."  Id. at 356-57, 338 S.E.2d at 665.  "Such concerns, however, are not relevant to cost-of-living entitlements because the determination whether a claimant is entitled to a cost-of-living supplement is not based on any actions which the employer may or may not have taken."  Id. at 357, 338 S.E.2d at 665.

Furthermore, within the context of change in condition applications, the commission, since Williams, has incorporated Rule 13(B) into Rule 1.2, and in section (B) of that Rule has specifically stated:  "Additional compensation may not be awarded more than 90 days before the filing of the claim with the Commission.  Requests for cost of living supplements are not subject to this limitation."  Rule 1.2(B), Rules of the Virginia Workers' Compensation Commission (emphasis added).  Accordingly, retroactive cost-of-living supplements are not limited by Rule

-

13(B) or the Supreme Court of Virginia's holding in <u>Bristol Door</u>.

III.  <u>CONCLUSION</u>

For the reasons stated above, we affirm the commission's award.

<u>Affirmed.</u>