# Richmond

MANCHESTER BOARD AND PAPER CO., INC., ET AL. v. IRVING F. PARKER.

November 30, 1959.

Record No. 4996.

Present, All the Justices.

The opinion states the case.

*Ernest G. Garrett, Jr. (John G. May, Jr.; May, Garrett, Miller & Newman,* on brief), for the appellants.

*Robert R. Parrish,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

This is an appeal from the Industrial Commission of Virginia wherein the employer and the insurance carrier, appellants here, challenge the Commission's refusal to consider their application in which they sought to terminate employee Parker's compensation benefits. The decision was based upon the ground that appellants had failed to comply with Rule 13 promulgated by the Commission. The validity of the rule is also challenged.

The record, composed of documentary evidence, is not in dispute. Parker was injured in an accident arising out of and in the course of his employment on September 14, 1957. On October 4, 1957, a "Standard Form for Agreement as to Compensation" was executed by the claimant, the employer and the insurance carrier, and was filed with the Commission. On October 14, 1957, a "Notice of Award, Approval of Agreement" was issued by the Commission directing payment of compensation at the rate of $30 per week during incapacity, payable weekly, beginning September 27, 1957. On November 19, 1957, an "Employer's Supplemental Report of Injury" was executed and filed with the Commission setting forth that the claimant returned to work as of that date.

On July 24, 1958, the insurance carrier filed application for a hearing on the ground of change of condition, wherein it was alleged that the injured employee had returned to work on November 19, 1957, at the same or a greater wage than he was earning at the time of his injury. The application showed on its face that compensation under the outstanding award had been paid only through November 18, 1957.

On September 10, 1958, notice of a hearing date was issued by the Commission, and on September 22, 1958, a hearing was held before the Hearing Commissioner. On October 7, 1958, a "Notice of Award" was issued directing that the case be dismissed from the docket on the ground that compensation had not been paid to the date of the filing of the application.

A request for a review by the full Commission was filed by the insurance carrier and the employer, and notice was issued on October 13, 1958, directing that the review be had on October 20, 1958. On October 29, 1958 "Notice of Award" was issued affirming the award of October 7, 1958, from which award appellants appealed.

Appellants, in their assignment of error, state: "The Industrial

Commission of Virginia erred in refusing to consider the application for a hearing filed by the carrier and the employer." They assert that the questions involved on appeal are:

"(1) Is that part of Rule 13 of the Rules of the Industrial Commission of Virginia, adopted pursuant to the provisions of Section 65-16 of the Virginia Workmen's Compensation Act, to the effect that all applications for hearing by employer or insurance carrier under Section 65-95 of such Act shall show the date to which compensation benefits have been paid and no application will be considered by the Commission until all compensation under the outstanding award has been paid to the date such application is filed with the Commission, valid as applied in this instance?

"(2) Has there been a failure on the part of the employer and the carrier to comply with Rule 13 of the Rules of the Industrial Commission of Virginia?

"(3) Does Rule 13 have any application since the matter should have been considered under Section 65-91[1] of the Act rather than 65-95?" [2]

▮ The third question should be answered first, for if the procedure followed by the Commission was improper a new hearing should be ordered. Section 65-95, Code, 1950, was brought down from Michie's Code, 1942, § 1887(47), and Rule 13 was promulgated pursuant thereto.

We here hold that after the Commission has made its award and it has become final the procedure for the review of disputes which may arise in connection with the award must be under § 65-95. We have heretofore held that § 65-91 applies to disputes arising before an award is made, whereas § 65-95 applies to disputes arising after the

[1] "§ 65-91. DISAGREEMENT ON COMPENSATION.—If the employer and the injured employee or his dependents fail to reach an agreement in regard to compensation under this Act, or if they have reached such an agreement which has been signed and filed with the Commission and compensation has been paid or is due in accordance therewith and the parties thereto then disagree as to the continuance of any weekly payment under such agreement, either party may make application to the Industrial Commission for a hearing in regard to the matters at issue and for a ruling thereon. * * *"

[2] "§ 65-95. REVIEW OF AWARD ON CHANGE OF CONDITION.—Upon its own motion before judicial determination or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this Act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid * * *."

award. *Wise Coal Co.* v. *Roberts*, 157 Va. 782, 788, 161 S. E. 911; *Bristol Door Co.* v. *Hinkle*, 157 Va. 474, 477, 161 S. E. 902.

The first question challenges the validity of Rule 13, which, so far as is material here, provides:

"Petition for Review on Ground of Change of Condition.—Petitions for review of outstanding awards under Section 65-95 of the Act must be in writing and, in an informal way, state the ground relied upon for relief. Reviews of awards on the ground of change in condition shall be determined as of the date of the filing of the application in the office of the Commission.

"All applications for hearing by employer or insurance carrier under this section shall show the date to which compensation benefits have been paid and no application will be considered by the Commission until all compensation under the outstanding award has been paid to the date such application is filed with the Commission. * * *""

This rule was passed pursuant to § 65-16, Code of 1950, which authorizes the Commission to "* * make rules, not inconsistent with this Act, for carrying out the provisions of this Act. * * "

Section 65-95 is the only statutory authority for a review on the ground of change of condition. *Bristol Door Co.* v. *Hinkle, supra,* 157 Va., at p. 477.

We hold that Rule 13 is a valid procedural rule and is not, as contended by appellants, of a substantive nature. The reason for the rule is stated in the opinion of the Commission as follows:

"More than thirty years ago when it was found by the Commission that some employers were arbitrarily disregarding the effect of outstanding awards and terminating payments directed by such awards, a Rule—the same now before us—was promulgated providing that compensation be paid to the date application was made for a proper termination under Section 65-95 (then Section 1887(47). The Rule has since been continuously in force."

The employer and the insurance carrier were charged with knowledge of the rule, and the harsh result here complained of is of their own making. It is brought about by their failure or refusal to make application for a hearing in November, 1957, at which time claimant resumed work. Appellants knew at that time that claimant had refused to sign a release agreement. Instead of filing for a hearing on the ground of a change of condition they took the matter into their own hands and terminated the compensation payments in the face of the pre-existing award. The rule was adopted to require prompt pay-

ment of compensation to all claimants entitled thereto. One of its purposes was to eliminate the result which took place in this case, that is, the arbitrary discontinuance of compensation by the employer and the insurance carrier without legal sanction. *Bristol Door Co.* v. *Hinkle, supra.*

As to the second question, clearly there has been no compliance with Rule 13. It is conceded that "all compensation under the outstanding award" had not been paid claimant to the date the application on the ground of change of condition was filed with the Commission.

For these reasons the award is

*Affirmed.*