## Richmond

### Douglas Tiller

### v.

### Long Homes, Inc., et al.

Record No. 831546.

November 30, 1984.

Present: All the Justices.

*Peter M. Sweeny (Ashcraft & Gerel,* on brief), for appellant.
*Joseph Dyer (Siciliano, Ellis, Sheridan & Dyer,* on brief), for appellees.

PER CURIAM.

In this appeal, we decide whether the Industrial Commission properly allowed an employer[1] credit for overpayment of compensation resulting from the employer's unilateral mistake. We hold that it did and affirm.

Douglas Tiller was injured in an industrial accident on February 18, 1981. His employer voluntarily paid compensation from the accident date to July 1, 1981, without the benefit of a memorandum of agreement. The employer erroneously assumed that Tiller's average weekly wage was $280 when in fact it was $192.

On July 1, 1981, the employer terminated compensation, believing that Tiller's physician had released him for work. This precipitated a hearing to determine whether Tiller was entitled to benefits from July 1, 1981, through August 4, 1981. (The parties stipulated that Tiller was disabled from August 4, 1981 through August 28, 1981.)

After hearing the evidence, a deputy commissioner awarded Tiller compensation for temporary total disability of $128 per week from the time of his injury through August 28, 1981. The total amount of this award was $3,492.57, which was the only compensation awarded in this case.

The employer subsequently discovered its mistake in basing compensation on an average weekly wage of $280, rather than

---

[1] Long Homes, Inc. is the employer and Liberty Mutual Fire Insurance Company is its insurance carrier.

$192. Because its total payment amounted to $3,546.74, exceeding the award by $54.17, the employer claimed that the award was satisfied. Tiller, on the other hand, contended that the employer owed him additional compensation of $128 per week from July 1, 1981 through August 28, 1981, and that the employer could not take a credit for the overpayment caused by its unilateral mistake.

Another deputy commissioner found that the employer was not entitled to a credit for the overpayment. Upon review, however, the full Commission reversed and allowed the credit. The Commission observed that its policy is to encourage prompt, voluntary payment of compensation to an injured employee, and when this happens, both the employer and employee frequently err respecting the average weekly wage. The Commission stated that it would modify an award based upon an employee's reported average weekly wage if it later determined that the employee had earned a higher wage. Likewise, it refused "to penalize the [employer for its error and for its earlier good-faith payment of compensation."

■ Tiller claims the Commission exceeded its statutory authority in reconsidering a final, unappealed award. He argues that because the deputy commissioner's award had become final, it only could be modified by a proceeding brought pursuant to Code § 65.1-99.[2] We do not agree.

Tiller relies upon *Board and Paper Company v. Parker*, 201 Va. 328, 111 S.E.2d 453 (1959). There, an employer attempted to terminate an award because of the employee's alleged change in physical condition. The employer did not proceed under the statute relating to change in condition. In the present case, however, the employer did not allege a change in condition, nor did it request modification of the award. It only sought a determination whether the award had been satisfied. Therefore, Code § 65.1-99 does not apply.

■ Next, Tiller claims that even if the Commission acted within its statutory authority, it nevertheless erred in allowing the employer a credit to an outstanding award because of an overpay-

---

[2] Code § 65.1-99 reads in pertinent part:
Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded. . . .

ment resulting from the employer's unilateral mistake of fact. Again, we do not agree.

The employer did not attempt to vacate an award based upon its unilateral mistake of fact, *see, e.g., J & D Masonry v. Kornegay,* 224 Va. 292, 295 S.E.2d 887 (1982), or correct an erroneous average weekly wage which was the basis of an award,[3] or receive a credit on an award for overpayment made pursuant to a prior award.[4] Moreover, the employer readily concedes that it may not recover from the claimant the amount of overpayment exceeding the award.[5] The sole issue here was whether the employer had paid an outstanding award. We conclude that, under the facts presented, the Commission properly allowed the employer credit for the monies it voluntarily advanced to the employee.

Accordingly, the Commission's decision will be affirmed.

*Affirmed.*

---

[3] *See, e.g., Turner* v. *Hunter Motel & Restaurant,* 55 O.I.C. 346 (1973), in which the Commission denied such an attempt.

[4] *See, e.g., Hogston* v. *Associated Transport, Inc.,* 48 O.I.C. 113 (1966), in which the Commission refused to allow such a credit.

[5] The Commission has held that an overpayment is not recoverable. *See Dandridge* v. *Pryor's Court Auto Service,* 51 O.I.C. 69 (1969).