## Richmond

ROGER LEE GRAHAM

v.

PEOPLES LIFE INSURANCE COMPANY, et al.

No. 0307-86

Decided November 17, 1987

COUNSEL

Stephen G. Bass (Carter, Craig & Bass, on brief), for appellant.

S. Vernon Priddy, III (Sands, Anderson, Marks & Miller, on brief), for appellees.

OPINION

**BARROW, J.** — In this appeal we decide that the Industrial Commission's Rule 13B, which prohibits compensation for temporary total disability occurring more than fifty days prior to an employee's application for a change of condition, conflicts with Code § 65.1-99 which allows the commission to review an application for change of condition if filed twenty-four months from the last day compensation is paid. We reverse the commission's award denying the employee compensation.[1]

The employee was injured in a work-related automobile accident on March 3, 1983, and received compensation from March 3 to September 11, 1983. He also received payment for a permanent partial loss of use of five percent of his right leg.

Later, the employee had surgery resulting from the same injury and was further disabled from September 3, 1984, until he returned to work on November 2, 1984. This resulted in an increase

---

[1] On April 27, 1987, another panel of this Court ruled that Rule 13(B) was not in conflict with Code § 65.1-99. *Whitten v. Mead Paperboard Products*, 4 Va. App. 182, 355 S.E.2d 349 (1987). We respectfully decline to follow the reasoning of *Whitten*.

in the permanent partial loss of the use of his leg from five percent to twelve percent.

The employee then filed an application for a change of condition on June 4, 1985, more than fifty days after the last day he was disabled for work. The commission concluded that Rule 13B prohibited the award of additional compensation because the disability occurred "more than fifty days prior to the filing of the application."[2] However, we conclude that the commission erred because Rule 13B conflicts with Code § 65.1-99[3].

■ When read with other provisions of the Workers' Compensation Act, Code § 65.1-99 requires compensation for incapacity to be paid subject only to the time limitations contained in the Act. The Workers' Compensation Act directs an employer to pay compensation to an employee for incapacity resulting from a compensable injury. Code §§ 65.1-54 and 65.1-55. This requirement applies to an incapacity existing at the time of an original claim as well as one occurring upon a change of condition. *Id.* Had the General Assembly intended there to be a distinction, such as Rule 13B attempts to make, it would have said so.

■ The Act also imposes other explicit time limitations, but none comparable to Rule 13B. The first seven calendar days of incapacity are not compensable, except when an incapacity continues for more than three weeks, Code § 65.1-62; a claim is time barred if not filed within two years of an accident, Code § 65.1-87; and no compensation is payable unless written notice is given within thirty days of the accident, Code § 65.1-85. The General Assembly deliberately imposed these time limitations. If it had in-

---

[2] During the time in which it was applicable to this claim, Rule 13B read: "In the case of employees, the application must state the change in condition relied upon. No additional compensation may be awarded more than fifty days prior to the filing of the application."

[3] Code § 65.1-99 provides: Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid except pursuant to §§ 65.1-100.3, 65.1-144 and 65.1-151. No such review shall be made after twenty-four months from the last day for which compensation was paid, pursuant to an award under this act, except thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.1-56.

tended for there to be a limitation such as the one contained in Rule 13B, it would have provided one. Instead, the General Assembly adopted Code § 65.1-99 which only limits review of an application for a change of condition by prohibiting review more than twenty-four months from the last day compensation is paid.

The legislative response to an early Supreme Court interpretation of Code § 65.1-99 also indicates that no further time limitation is to be imposed on compensation for disability arising out of a change in condition. The Court held that the Industrial Commission could only award compensation for disability prospectively from the date of the filing of an application and not retroactively to the date of the change of condition. *Bristol Door & Lumber Co. v. Hinkle*, 157 Va. 474, 479, 161 S.E. 902, 904 (1932). Less than two months later, the General Assembly changed the law.

In response to *Bristol Door*, the General Assembly eliminated the unlimited time period during which claims for change in condition could be sought and prohibited review more than twelve months after the last payment of compensation. When *Bristol Door* was decided on January 14, 1932, the predecessor to Code § 65.1-99 [§ 1887 (47) of the Code of 1930] contained no language limiting the time within which review could be made and expressly provided for review "at any time."[4] On March 3, 1932 the General Assembly amended the provision by deleting "at any time" in the first sentence and adding "but no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this act" at the end of the last sentence. 1932 Va. Acts 77.

These amendments directly addressed the concerns expressed by the Court in its opinion. The Court was concerned that an employee could delay filing a claim and deprive an employer of

---

[4] § 1887 (47) of the Code of 1930 [with 1932 Amendments shown] provided: Upon its own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the industrial commission may at any time review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall immediately send to the parties a copy of the award. No such review shall effect such award as regards any monies paid *but no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this act.*

knowledge of a change in condition and the opportunity to provide rehabilitation. *Bristol Door*, 157 Va. at 478, 161 S.E. at 903. The amendments accomplished the same result, not by denying retroactive award of compensation, but by allowing a shorter period of time in which to file a claim. Following the *Bristol Door* decision so closely in time and relating so directly to its subject matter, these amendments indicate the General Assembly's intent to address the concerns expressed in the *Bristol Door* opinion, but by a different means.

▮ Rule 13B usurps the General Assembly's action by attempting to address the same concern with the imposition of a more stringent time limitation. The fifty day limitation, which is an administrative attempt to address the concern regarding delay, penalizes delay in the filing of a claim even though it is done within the statutorily mandated period for review. But the commission's rule is more restrictive than the statute, and the statute must prevail.

To argue that the amendments only limit the time in which review can be held and do not affect the retroactivity of an award of compensation, places Rule 13B in a different but still conflicting posture with respect to Code § 65.1-99. Rule 13B would then be in conflict with Code § 65.1-99 as construed by the Supreme Court in *Bristol Door*. If the amendments affected only the time for review and not the retroactivity of an award, *Bristol Door* would remain a viable interpretation prohibiting the retroactivity of an award under Code § 65.1-99. Since the holding in *Bristol Door* prohibits any retroactive award of compensation, Rule 13B would then conflict by allowing a retroactive award of compensation.

Thus, Rule 13B is in conflict with either interpretation of Code § 65.1-99. If the 1932 amendment did not alter *Bristol Door's* interpretation of the retroactive award of compensation, Rule 13B conflicts by allowing any retroactive application at all; if the 1932 amendment overruled *Bristol Door's* interpretation, Rule 13B conflicts by not allowing enough retroactivity.

▮ This inevitable conflict between Rule 13B and Code § 65.1-99 prevents us from giving the Industrial Commission's construction of the statute the weight to which it would usually be entitled. Normally, its construction would be entitled to great weight.

*See Dan River Mills, Inc v. Unemployment Compensation Commission*, 195 Va. 997, 1002, 81 S.E.2d 620, 623 (1954). However, this rule of construction does not apply where an administrative regulation is inconsistent with its underlying statutory authority. *See Udall v. Tallman*, 380 U.S. 1, 4 (1965); or where an administrative action overrides legislative intent as disclosed by statute. *Commonwealth v. Lewis*, 208 Va. 221, 225, 156 S.E.2d 589, 592 (1967).

For these reasons we conclude that the Industrial Commission's Rule 13B conflicts with Code § 65.1-99. Therefore, the Commission's decision denying compensation in this matter must be reversed and remanded for further proceedings.

*Reversed and remanded.*

Benton, J., concurred.

Cole, J., dissenting.

I disagree with the view expressed in the majority opinion because it is in conflict with *Whitten v. Mead Paperboard Products*, 4 Va. App. 182, 355 S.E.2d 349 (1987). I am in agreement with the decision in *Whitten.*