Richmond

ROGER LEE GRAHAM

v.

PEOPLES LIFE INSURANCE COMPANY, et al.

No. 0307-86-2

Decided September 6, 1988

COUNSEL

Stephen G. Bass (Carter, Craig, Bass & Blair, on brief), for appellant.

S. Vernon Priddy, III (Sands, Anderson, Marks & Miller, on brief), for appellee.

OPINION

### ON REHEARING EN BANC

**MOON, J.** — We uphold the Industrial Commission's decision that its Rule 13(B) prohibits an award of compensation to Roger Lee Graham upon his application alleging a change of condition. In so doing we reaffirm our holding in *Whitten v. Mead Paperboard Products*, 4 Va. App. 182, 355 S.E.2d 349 (1987) that Rule 13(B) is a valid rule.

Graham was injured in a work-related accident on March 3, 1983. He received compensation from March 3 until September 11, 1983. Later, he had surgery resulting from the same injury and was further disabled from September 3, 1984, until he returned to work on November 2, 1984. Graham did not seek compensation for this later period of disability until he filed an appli-

cation for a change of condition on June 4, 1985. The commission concluded that Rule 13(B) prohibited the award of additional compensation because the disability occurred "more than fifty days prior to the filing of the application."[1]

When the appeal of the commission's decision denying benefits to Graham was heard by a panel of this court, it declined (with Judge Cole dissenting) to follow the *Whitten* decision. *Graham v. Peoples Life Ins. Co.*, 5 Va. App. 325, 362 S.E.2d 326 (1987). The majority held that Rule 13(B) conflicted with Code § 65.1-99.[2] We granted rehearing *en banc* to Peoples Life Insurance Company.

This opinion seeks to amplify the reasons stated in *Whitten* for upholding the validity of Rule 13(B) and answer the arguments posited by the majority in *Graham* and the minority herein.

The Virginia Supreme Court's decision in *Bristol Door & Lumber Co. v. Hinkle*, 157 Va. 474, 161 S.E. 902 (1932), expressly construed the Workers' Compensation Act to prohibit the award of retroactive benefits for any period of time that defeats the employer's right to provide treatment and rehabilitation to lessen its liability. Hence, the holding in *Bristol Door* prevents the appellant from receiving the retroactive benefits to which he has laid claim. The panel majority predicated its decision upon the ground that the 1933 amendment to Code § 1887(47) (currently Code § 65.1-99) reversed the decision in *Bristol Door*. The 1933 amendment provided that no review upon a change of condition

---

[1] During the time in which it was applicable to this claim, Rule 13(B) read: "In the case of employees the application must state the change in condition relied upon. No additional compensation may be awarded more than fifty days prior to the filing of the application."

[2] Code § 65.1-99 provides in pertinent part:

Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the Industrial Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys paid except pursuant to §§ 65.1-100.3, 65.1-143, 65.1-144 and 65.1-151. *No such review shall be made after twenty-four months from the last day for which compensation was paid*, pursuant to an award under this act.

(emphasis added).

application could be made after twelve months from the last day for which compensation was paid.

We believe that after (1) reviewing the concerns confronting the legislature in 1933, (2) reading the plain language of the 1933 amendment, and (3) analyzing subsequent Supreme Court and Industrial Commission opinions, one must conclude that the 1933 amendment did not overturn *Bristol Door*. Furthermore, we believe that Rule 13(B) is a permissible attempt by the commission to promulgate a rule that addresses the concerns expressed in *Bristol Door* in light of current conditions.

Two cases decided by our Supreme Court in 1932 made plain to the General Assembly the difficulties inherent in evaluating change in condition applications when no statute of limitations restricted the time in which claimants could file their applications. In *Bristol Door*, the Supreme Court considered the change in condition application of a claimant who had last received compensation on February 13, 1926, and subsequently filed his change in condition application on November 26, 1930. After determining that the claimant's application asserted a compensable claim, pursuant to Code § 1887(47)[3] the commission awarded benefits retroactively to the last date of compensation received. The Supreme Court reversed and held that the lengthy retroactive award, "was in derogation of the spirit and intendment of the statute." *Id.* at 477, 161 S.E. at 903. In reaching its determination, the court found it particularly significant that if an award were to work retroactively, then employers oblivious to employees' changes in condition would miss the opportunity to provide the employees with medical aid designed to rehabilitate them and prevent further degenerative effects.

In an opinion announced the same day as *Bristol Door*, the Court reversed a commission award to a claimant who filed a change in condition application seven years after his last receipt of

---

[3] In 1932, Code § 1887(47) provided:

Upon its own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the industrial commission may at any time review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any monies paid.

benefits. *Wise Coal & Coke Co. v. Roberts*, 157 Va. 782, 161 S.E. 911 (1932). In *Wise* the employer had argued that an open-ended filing period placed an unfair burden on all employers. Specifically, the employer contended that a claimant suffering a compensable accident under the statute could effectuate a settlement and then leave the area of his employment and suffer another injury several years later. Without a statute of limitations, the employee could then always attempt to demonstrate that the subsequent injury derived from his first compensable one. *Id.* at 786, 161 S.E. at 912.

Thus, the employer argued that it retained an unfair responsibility of looking out for injured and compensated employees who left their employment. After noting that it had been "asked to do what the legislature has not seen fit to do, i.e., fix a time limit in which an application based on a change in condition must be filed," the Court refused to hold under the particular facts before it that the claimant's seven year filing delay constituted an unreasonable time as a matter of law. However, the Court held that when a claimant waited such a lengthy period of time, he would be required to prove his case by the higher burden of clear and convincing evidence. *Id.* at 792, 161 S.E. at 914. Since the claimant had not produced sufficiently clear and convincing evidence, the Court reversed the award.

Thus, when the General Assembly met in its next session, it was cognizant of two poignant problems highlighted by *Bristol Door* and *Wise*. The decisions had shown, first, that employers could lose their chance to offer rehabilitative services to injured employees, and second, that in the absence of a required filing date, employers might retain an undue burden of looking after injured employees after they moved. Significantly, *Bristol Door* had completely remedied the former problem by providing that the Industrial Commission lacked the statutory power to award retroactive benefits that undermined the employer's opportunity to rehabilitate the employee. As regards the latter problem, however, the court in *Wise* refused to create judicially a statute of limitations. Thus, under these circumstances, the General Assembly added to Code § 1887 (47) the amendment that read: "No such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this act."

We conclude that this amendment means what it says: that all claimants must file their change in condition applications within one year from the time of their last compensation payments.[4] If the legislature had intended to enact anything other than a statute of limitations, it would have so indicated. The minority asserts that *Bristol Door* held that the commission had no statutory authority to award retroactive benefits. If the General Assembly had intended to reverse a two-month old decision and expressly return to the commission the statutory power to award retroactive benefits, surely it would have added to the amendment a more definitive and precise sentence similar to the following: "In reviewing such an award, the commission may, upon a determination of compensability, order benefits retroactively to the date of the change in condition."

The perception of jurists writing at the time of the amendment's enactment further bolsters a plain reading of the statute. In *Allen v. Mottley Construction Co.*, 160 Va. 875, 170 S.E. 412 (1933) the Industrial Commission certified to the Supreme Court the question whether the new amendment applied to bar claims that had arisen before its enactment. In characterizing the amendment, the Court posited: "The legislature intended to place a limit within which a change of physical condition must be asserted in order to eliminate the indefiniteness and uncertainty involved in this class of cases." *Id.* at 890, 170 S.E. at 418. The Court relied upon an analysis of statutes of limitation in other jurisdictions to hold that the new amendment applied to bar claims that had arisen prior to its enactment. Significantly, the court recalled:

> In *Wise Coal Co. v. Roberts*, supra, in discussing the section prior to the 1932 amendment, we said:

---

[4] The minority has reasoned that the amendment gave "balance" to the statute by limiting the retroactive payment period to 12 months. The amendment achieved balance, according to the minority, because insurers could not retroactively affect monies paid prior to the change in condition application. However, pursuant to this reasoning, the statute is more directly susceptible to the interpretation that the legislature intended the claimant should receive no retroactive benefits. Then, a more proportionate and sensible balance is reached. For just as the employer has no retroactive rights under the section, so the employee has no retroactive rights either. Therefore, under the logic of the minority's own balance analysis, and its interpretation of *Bristol Door*, it is more appropriate to interpret the statute as simply reaffirming the construction employed by the court in *Bristol Door*.

"While admitting that the statute fixes no limitation for filing such an application, the court is asked to hold as a matter of law that seven years is an unreasonable time; in other words, the court is asked to do what the legislature has not seen fit to do, *i.e.*, fix a time limit in which an application based on a change in condition must be filed."

Since that opinion was rendered the legislature has fixed a time limit in which an application based on a change in condition must be filed.

*Id.* (quoting *Wise Coal & Coke Co. v. Roberts*, 157 Va. at 786, 161 S.E. at 912). Although the *Allen* court need not have discussed the power to award benefits retroactively in order to reach its decision, we nevertheless believe that its characterization and treatment of the amendment supports the conclusion that the legislature intended solely to enact a statute of limitations.

Furthermore, the Industrial Commission from the outset did not consider that the General Assembly overturned *Bristol Door*. After the *Bristol Door* decision, the commission consistently refused to award retroactive benefits. Just three years after the amendment's enactment, the commission in *Maness v. Blue Diamond Coal Co.*, 18 O.I.C. 328 (1936), its first published opinion on the subject, asserted: "Pursuant to the ruling rendered in the case of *Bristol Door & Lumber Company v. Hinkle*, the payments of compensation shall begin as of the date of filing the Application for a Hearing." *Id.* at 331 (citation omitted).

Since the amendment in 1933 to current Code § 65.1-99, the Industrial Commission has repeatedly held that *Bristol Door's* ruling prohibits the retroactive award of benefits. *Coleman v. M. Van Waveren & Sons*, 22 O.I.C. 192, 193 (1940); *Blackburn v. Buchanan County Coal Corp.*, 23 O.I.C. 132, 133 (1941); *Pulliam v. John McShain, Inc.*, 24 O.I.C. 276, 277 (1942); *Hubbard v. Price Transfer Co.*, 28 O.I.C. 154, 156 (1946); *Jester v. Peters-Dalton Inc.*, 29 O.I.C. 100, 101 (1947); *Wade v. Kelly*, 32 O.I.C. 154, 154 (1950); *Campbell v. Appalachian Electric Power Co.*, 33 O.I.C. 501, 502 (1951); *Jones v. Mitchell & Smith Division of Sheller Manufacturing Co.*, 34 O.I.C. 302, 303 (1952); *Baldwin v. J. A. Jones Construction Co.*, 36 O.I.C. 339, 340 (1954); *Martin v. Danbarn Brothers, Inc.*, 43 O.I.C. 70, 72 (1961); and *Grasty v. Fisher*, 45 O.I.C. 98, 100 (1963).

Even after the enactment of Rule 13(B), which authorized the commission to award benefits retroactively for a limited period of time, the commission continued to hold that it was powerless to award benefits beyond the period authorized by the rule. *Germano v. Atlantic Furniture Manufacturing Co.*, 49 O.I.C. 128, 131 (1967). In *Franck v. Dominion Pallet Co.*, 50 O.I.C. 139 (1968), the commission interpreted Rule 13 in conjunction with *Bristol Door* and said, "We are powerless to award compensation more than 14 days retroactive to the filing of the application for hearing on the ground of change in condition." *Franck*, 50 O.I.C. at 140-41.

■ Well established principles dictate that courts give great weight to a construction accorded a statute by public officials charged with the statute's administration and enforcement. *Peyton v. Williams*, 206 Va. 595, 600-01, 145 S.E.2d 147, 151 (1965). For fifty years, from the time immediately following the amendment's enactment to the present date, the public agency charged with enforcing Code § 65.1-99 has treated the section only as a statute of limitations and not as a section authorizing retroactive payments of benefits. The Industrial Commission's unwavering fifty year interpretation of Code § 65.1-99 lends further credence to the conclusion that the 1933 amendment did not overrule the decision in *Bristol Door*.

We are aware of no case in which a petition for a writ of error was granted by the Supreme Court involving this issue. However, in the case of *Devey v. Stewart In-Fra-Red Commissary*, 41 O.I.C. 37 (1959), the Industrial Commission relied upon *Bristol Door* to hold that no payments could be awarded prior to the date the claimant filed his change of condition application. The only issue before the court was the denial of retroactive compensation. The Supreme Court denied the writ on March 4, 1960, for the reason that the decision of the Industrial Commission was "plainly right."

We do not submit that the denied writ constitutes precedent that binds us under the facts at bar. *See Town of South Hill v. Allen*, 177 Va. 154, 166, 12 S.E.2d 770, 775 (1941). However, we do believe that the denial provides another piece of historical evidence that militates against the contention that the legislature overruled *Bristol Door* in 1933.

Significantly, the General Assembly in 1987 amended the very sentence of Code § 65.1-99 in question by adding an exception in the following language: "except thirty-six months from the last day for which compensation was paid shall be allowed for the filing of claims payable under § 65.1-56." The section was further amended effective July 1, 1988 to provide: "except: (i) thirty-six months from the last day for which compensation was paid, shall be allowed for the filing of claims payable under § 65.1-56 or (ii) twenty-four months from the day claimant undergoes any surgical procedure compensable under § 65.1-88 to repair or replace a prosthesis." These amendments were perfect opportunities for the General Assembly to strike down Rule 13(B) if it considered it in conflict with Code § 65.1-99.

On the contrary, the General Assembly on prior occasion has followed the cue of the Industrial Commission by applying the language of Rule 13(B) to a statute. Code § 65.1-56, mentioned in Code § 65.1-99, deals with awards for specific disability. That section provides that a claimant, after receiving compensation for a specific disability, may file for continued incapacity to work. However, it further limits the award by providing: "Such application shall be considered and determined as of the date of incapacity for work actually begins or as of a date fifty days prior to the date of filing whichever is later."

Interestingly, the fifty day retroactive payment limit was changed from fourteen days in 1983, after the Industrial Commission extended its Rule 13(B) fourteen day retroactive limit to fifty days in 1981. The fourteen day limit also paralleled Rule 13(B) when Code § 65.1-56 was amended in 1975 to allow for the first time compensation for work incapacity in addition to compensation for specific disability. It is suggested that similarity of time limitation provisions and timing of the amendment should not be attributed to chance, but rather acceptance of the Industrial Commission's expertise on this issue.

Because we believe that *Bristol Door's* holding was not reversed by the 1933 amendment, we must conclude that under the decision's reasoning the claimant in this case may not retroactively recover benefits for employment missed more than six months prior to the filing of his application. Such a recovery would be unfair and unreasonable in light of the *Bristol Door* court's concern that employers would lose their opportunity to provide reha-

bilitative medical aid.

Since we conclude that Code § 65.1-99 did not overrule *Bristol Door*, the minority argues that we must hold Rule 13(B) invalid because it authorizes retroactive payments. Initially, we note that the particular facts at bar do not present an ideal situation for considering the validity of Rule 13(B). Since Code § 65.1-99 has not overruled *Bristol Door*, employers and insurers remain the only persons injured by the operation of Rule 13(B). An employer forced to pay retroactive benefits under Rule 13(B) is better suited in a subsequent action to attack the rule as an improper exercise of the commission's rulemaking authority. Once one determines that *Bristol Door's* holding remains in effect, then under the facts at bar, neither party retains a direct interest in the question of Rule 13(B)'s validity. If Graham were successfully to argue against Rule 13(B)'s validity, he would still be precluded from receiving benefits by *Bristol Door*.

Nevertheless, we believe general principles of administrative law support the adoption of 13(B) and that the rule can be construed as consistent with the holding in *Bristol Door*. The Supreme Court in *Bristol Door* stated that retroactive payments were unfair because they had the effect of denying the employer the right to provide medical care and rehabilitation to lessen its liability. The court said that retroactive payments were in derogation of "the spirit and intendment of the act." To avoid unfairness, the Court held that no payments could be ordered past the date of filing.

The Industrial Commission has a continuing duty to oversee the effect of the laws upon claimants and employers. If it sees that a rule change can be made to further the Act, it has the power to make such a rule. Code § 65.1-18. The purpose of delegating rulemaking power to an administrative agency "is to insure flexibility and effectiveness in regulation by making it possible for the rules governing a subject to be refined and reduced to specific, detailed and definitive terms." Sutherland, *Statutes and Statutory Construction* § 31.06 (4th ed. 1985).

The Industrial Commission recently has stated the purpose of Rule 13(B) in the same terms as has the Supreme Court. *See McCahill v. Montgomery Ward*, 64 O.I.C. 213, 216 (1985) upholding 13(B):

An employee makes application for change in condition only after having had the benefit of a prior award. His application is always one which would affect continuing benefits or reinstate benefits which had been previously terminated. The Commission has attempted by Rule 13B to establish a reasonable period (now 50 days) beyond which benefits may not be claimed retrospectively. This requirement by rule is justified by its administrative effect. It encourages prompt application for benefits and provides a basis for early determination of the merits of a claim. Further, it serves to deter dilatory filing of a claim which, if seasonably filed, would permit the employer to act in its best interest to provide any necessary medical attention to the employee and to ascertain facts which relate to the employee's medical or work status. Under §65.1-85 of the Act, an employee is required to give notice to the employer of injury within thirty days of the occurrence of an industrial accident. The notice provision of §65.1-85 applies to original applications for compensation benefits, not to change in condition applications under §65.1-99. *Rule 13B, by inclusion of the fifty-day provision, serves to provide the equitable safeguard which formed the basis for comment in Bristol Door Co. v. Hinkle,* 157 Va. 474, 478, 161 S.E.2d 902 (1932). The Supreme Court stated:

> Again, if the award is to date back to the time of the final settlement for total disability, a period when the employer had no means of knowing that a change was taking place in his condition, the employer would be deprived of its right to furnish medical and surgical aid in an effort to rehabilitate him and restore him to health.

Rule 13B was changed in 1981 to increase the retroactive payment period to 50 days from 14 days, and has been found by the Commission *to cover most cases in which claimants are able to prove a period of disability. Its effect is reviewed and amendments are made from time to time in accord with the mandate of Bristol Door, supra, which was to provide equitable consideration for employees and employers in administration of the Act.*

(emphasis added).

█ Thus, by enacting Rule 13(B) the commission has not repudiated *Bristol Door*, but has found that current conditions permit a relaxation of the rule's severity. The commission has made a finding that to allow retroactive payments for a limited number of days prior to filing does not deny the employer the rights protected by the holding in *Bristol Door*. The commission apparently has found that the employer would not have time to rehabilitate a person in fifty days. Therefore, there is no justification for denying benefits during that period of time.[5] The commission has found that retroactive payments for a limited time that does not defeat the employer's rights is not "in derogation of the spirit and intendment of the statute." Thus the principle enunciated in *Bristol Door* is retained by the commission.

(4) We must observe the principle that a rule when adopted pursuant to rule-making authority has the same force as a statute. Such a rule should be construed as a statute. Sutherland, *Statute and Statutory Construction, supra.* In a case involving Rule 13(A), Justice Poff opined in *Sargent Electric Co. v. Woodall*, 228 Va. 419, 323 S.E.2d 102 (1987):

> The General Assembly has authorized the Industrial Commission to "make rules, not inconsistent with this act, for carrying out the provisions of this act." Code § 65.1-18. *The adoption of such rules is a legislative act*, and the enactment is binding and law upon the parties and the Commission as well.

*Id.* at 424, 323 S.E.2d at 105 (emphasis added).

█ It is not for this Court to construe rules and statutes so that they conflict. Our function requires, when possible, the reconciliation of any apparent conflicts between rules and statutes. "There is a presumption of validity of rules duly noticed and made by an administrative agency pursuant to a specific statutory delegation of power. This presumption is rebuttable, but only upon a showing that the challenged regulation is an unreasonable exercise of the delegated power — i.e. inconsistent with the statute." 1A Michie's

---

[5] *Bristol Door* still bars the commission from making a rule that allows retroactive payments so remote that the effect would be to deny the employer the right to provide medical or rehabilitative services to lessen its expenses.

Jurisprudence, *Statutes* § 10.

The Industrial Commission has articulated a purpose for Rule 13(B) that is consistent with the *Bristol Door* court's interpretation of current Code § 65.1-99. Since the rule comports with the spirit of the statute as defined by our Supreme Court, it represents a legitimate rule made in furtherance of the Act's purposes. Thus, we affirm the commission, not only because we disagree with the minority's premise that *Bristol Door* was overruled by the legislature, but also because Rule 13(B) is a valid rule made pursuant to the rulemaking power of the commission. The rule is in furtherance of the act and not inconsistent with any provisions of the act. *See Whitten v. Mead Paperboard Products*, 4 Va. App. 182, 355 S.E.2d 349 (1987).

Accordingly, the decision of the Industrial Commission is affirmed.

*Affirmed.*

Koontz, C.J., Baker, J., Cole, J., Coleman, J., and Keenan, J., concurred.

Barrow, J., with whom Benton, J., joins, dissenting.

In my opinion the Industrial Commission's Rule 13(B) exceeds the commission's rulemaking authority because it conflicts with Code § 65.1-99, a provision of the Virginia Workers' Compensation Act. Therefore, I would reverse the commission's award denying compensation in reliance on Rule 13(B).

Although the commission may make rules implementing the provisions of the Virginia Workers' Compensation Act, it may not do so in a manner inconsistent with the Act. Code § 65.1-18. Even though the commission has authority to adopt other provisions contained in Rule 13, *see Sergent Electric Co. v. Woodall*, 228 Va. 419, 424-25, 323 S.E.2d 102, 105 (1984); *Manchester Board & Paper Co. v. Parker*, 201 Va. 328, 331-32, 111 S.E.2d 453, 456 (1959), it does not have authority to adopt the fifty day limitation in Rule 13(B). This limitation conflicts with Code § 65.1-99, which allows for recovery of compensation for disability occurring within twenty-four months after the last day for which compensation has been paid.

Code § 65.1-99 prohibits a review of an application for a change of condition "after twenty-four months from the last day for which compensation was paid." This language provides both a deadline for reviewing an application for a change of condition and a limitation on what disability may be compensated. This interpretation is required for two reasons. First, it is necessary to harmonize the statute with other provisions of the Workers' Compensation Act. Second, it is required because, if the language of the statute provides only a deadline for when a review may be conducted, Rule 13(B) conflicts with the early interpretation of this statute by our Supreme Court.

Only by interpreting the twenty-four month limitation as a limitation on retroactivity of compensation can Code § 65.1-99 be harmonized with other provisions of the Workers' Compensation Act. The Act directs an employer to pay compensation to an employee for incapacity resulting from a compensable injury. Code §§ 65.1-54 and 65.1-55. This requirement applies to an incapacity existing at the time of an original claim as well as one occurring upon a change of condition. *Id.* Both necessarily involve a retroactive award of compensation since neither the initial claim nor an application for a change of condition can be made until after the requisite disability has occurred. The General Assembly has made no exception to the requirement that compensation be paid for disability in either case. *Id.*

The General Assembly has deliberately imposed other explicit time limitations. The first seven calendar days of incapacity are not compensable, except when an incapacity persists for more than three weeks, Code § 65.1-62; a claim is time barred if not filed within two years of an accident, Code § 65.1-87; and no compensation is payable unless written notice is given within thirty days of an accident, Code § 65.1-85. The only time limitation the legislature has chosen to impose on the payment of compensation for a disability arising from a change in condition is the limitation implicit in the constraint contained in Code § 65.1-99 on when a review may be conducted.

Thus, the Workers' Compensation Act requires the payment of compensation for disability arising both from an initial claim and from a change of condition; it imposes certain other explicit time limitations; and it only limits the payment of compensation for prior disability arising from a change of condition to the twenty-

four months during which a review of an application for a change of condition may be held. Therefore, a consistent and holistic view of the Workers' Compensation Act compels the conclusion that it requires the payment of compensation for disability arising from a change in condition, subject only to the twenty-four month limitation on when a review of an application may be held. The fifty day limitation thus imposed by the commission's Rule 13(B) conflicts with this interpretation of Code § 65.1-99.

If the twenty-four month limitation in Code § 65.1-99 is not interpreted in this way, that is, if it is construed only as a limitation on when an application may be reviewed, then Code § 65.1-99, as construed by our Supreme Court, allows no retroactive award of compensation. The Supreme Court has held that a retroactive award for disability caused by a change of condition is "in derogation of the spirit and intendment of the statute." *Bristol Door & Lumber Co. v. Hinkle*, 157 Va. 474, 477, 161 S.E. 902, 903 (1932). The Court reached this conclusion in interpreting language contained in the predecessor to Code § 65.1-99 prior to the addition of the prohibition of a review after twenty-four months from the last day for which compensation is paid. *Id*. Consequently, if the twenty-four month limitation is construed to only limit when an application may be reviewed, Rule 13(B) conflicts with Code § 65.1-99 by allowing any retroactivity of an award for compensation.

In *Bristol Door*, the Supreme Court observed that prior to the filing of an application for a change of condition an employer had no means of knowing that a change had occurred and was deprived of the ability to provide medical care to rehabilitate the injured employee. *Bristol Door*, 157 Va. at 478, 161 S.E. at 903. However, this was not the only reason stated for its decision. The foremost reason for its opinion was the conclusion that a retroactive award conflicted with the spirit and intent of the statute. The Court specifically pointed out that an employer could not retroactively affect "monies paid," and, therefore, an employee seeking recognition of a change in condition should be subject to a similar limitation and not be permitted to retroactively receive an increase in an award. *Id*. at 477, 161 S.E. at 903.

Therefore, the Supreme Court's conclusion that Code § 65.1-99 prohibits a retroactive award cannot be disregarded simply on the basis that the commission's rule contemplates that an employer

would have time to rehabilitate a person within fifty (now ninety) days. Such a theory not only fails to address the other concerns expressed by the Supreme Court in *Bristol Door*, but appears to recognize an elastic yardstick with no factual basis. The commission's allowance of retroactivity has gradually expanded from an initial fourteen days to the present ninety days. If this relaxation of the severity of the ruling in *Bristol Door* is based on the length of time in which rehabilitation could not occur, it runs contrary to the advancements in medical science during the intervening years.

More importantly, it makes the Industrial Commission, rather than the Supreme Court, the final arbiter of the intent of the legislature. Since the Supreme Court concluded in *Bristol Door* that the legislature had not authorized the retroactive award of compensation for changes in condition, only the legislature can make this change.

This, in my opinion, is exactly what the legislature did when it chose to amend Code § 65.1-99 to prohibit review made more than twenty-four months after the date of the last payment of compensation. Less than two months after the decision in *Bristol Door* was announced, the General Assembly amended the predecessor to Code § 65.1-99 by adding the prohibition on when review could be made.[6] The General Assembly's amendment addressed the Supreme Court's concern about an employer's opportunity to provide rehabilitation, not by denying a retroactive award of compensation, but by allowing a shorter period of time in which to file a claim. It also addressed the concern expressed in *Bristol Door* that a review could not affect "monies paid," not by totally eliminating any retroactivity of an award, but by limiting its retroactivity.

In summary, since the time limitation in Rule 13(B) conflicts with the provisions of Code § 65.1-99, either as interpreted by the

---

[6] § 1887 (47) of the Code of 1930 [with 1932 Amendments shown] provided: Upon its own motion before judicial determination or upon the application of any party in interest on the ground of a change in condition, the industrial commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any monies paid but no such review shall be made after twelve months from the date of the last payment of compensation pursuant to an award under this act. 1932 Va. Acts c. 89.

Supreme Court in *Bristol Door* or as, in my opinion, they should be interpreted after the 1932 amendment, the commission had no authority to adopt Rule 13(B) which purports to limit this employee's compensation. Furthermore, since, in my opinion, Code § 65.1-99 now allows a retroactive award of compensation for disability occurring within twenty-four months after the last date compensation was paid, I would conclude that the employee is entitled to an award for compensation for his disability and would reverse and remand this matter for further proceedings.