## Salem

SCOTTY LESTER

v.

TRI-DELLA COAL MINING CORPORATION

AND

OLD REPUBLIC INSURANCE COMPANY

No. 1268-93-3

Decided June 28, 1994

COUNSEL

Lawrence L. Moise, III (Vinyard & Moise, on brief), for appellant.

S. T. Mullins (Street, Street, Street, Scott & Bowman, on brief), for appellees.

OPINION

**BARROW, J.**—Appealing from the Workers' Compensation Commission, the employee challenges the commission's decision denying him lifetime total benefits. In addressing his appeal, we hold that the loss of the right foot and the right leg is not the loss of two members constituting total and permanent incapacity under Code § 65.2-503.

While working for the employer in 1983, the employee sustained a crush injury to his right leg and received temporary total benefits. In 1988, pursuant to a memorandum of agreement, he received permanent partial benefits for a sixty percent loss of use of his right leg. Code § 65.2-503(D). When these benefits expired in 1990, the parties entered a supplemental memorandum of agreement reinstating temporary total benefits. The employee then applied for lifetime benefits for permanent and total incapacity under Code § 65.2-503(C)(1) (formerly Code § 65.1-56(18)), claiming he had lost use of two ratable members, his right foot and right leg. The commission denied the application because the employee had not lost two members for the purposes of Code § 65.2-503(C)(1) and had not reached maximum medical improvement.

The employee's treating physician found a sixty percent loss of function in the "right lower extremity." An orthopedic surgeon found that the employee had lost the use of both his right leg and right foot, to the extent that they cannot be used in gainful employment.

 "[The] loss of both hands, both arms, both feet, both legs, [or] both eyes or any two thereof, in the same accident" is compensable as a permanent and total incapacity. Code § 65.2-503(C)(1). This section does not, as the employee contends, contemplate that the right leg and right foot are "any two thereof."

The section deals on its face with actual loss, and the actual loss of a leg necessarily includes the actual loss of the attached foot.[1] Thus, a logical reading of the phrase, "any two thereof," requires that the leg and attached foot are not two separately ratable members. This reading of the section is supported by common usage. By definition, a leg is "[a] limb or appendage of an animal, used for locomotion or support." *American Heritage Dictionary* 723 (2d college ed. 1982). A foot is "the lower extremity of the vertebrate leg," *id.* at 512, or "the terminal part of the leg." *Black's Law Dictionary* 772 (4th ed. 1957).

■ Moreover, since at least 1955, the commission has rated either the hand or the arm in the analogous situations where injuries to the hand area rendered the arm industrially useless. *See Washick v. Jack I. Bender Co.*, 37 O.I.C. 138 (1955); *Bane v. Stone & Webster Eng'g Corp.*, 37 O.I.C. 89 (1955). More recently, the commission held that "[t]he loss of or loss of use of the arm includes the hand but the loss of or loss of use of the hand does not include the arm." *Johnson v. Lynchburg Foundry*, 51 O.I.C. 135, 136 (1969). We accord this interpretation great deference, presuming that the legislature is aware of and has adopted an interpretation of such long standing. *Graham v. Peoples Life Ins. Co.*, 7 Va. App. 61, 68-69, 372 S.E.2d 161, 165 (1988) (en banc).

Therefore, we hold that the employee is not eligible for lifetime benefits under Code § 65.2-503(C)(1) as a result of the permanent disability of his right leg, including his right foot. Because this holding disposes of the employee's claim under this section, and because the employee has already received permanent partial benefits under Code § 65.2-503(D) (formerly Code § 65.1-56), we do not reach the question of maximum medical improvement.

Accordingly, the decision of the commission is affirmed.

*Affirmed.*

Coleman, J., and Koontz, J., concurred.

---

[1] While functional loss of a leg may not necessarily include functional loss of the attached foot, Code § 65.2-503(D) instructs that loss of use is to be treated as actual loss for purposes of this statute.