COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Haley and Senior Judge Hodges
Argued at Chesapeake, Virginia


GWALTNEY OF PORTSMOUTH AND
 TRAVELERS PROPERTY CASUALTY
 COMPANY OF AMERICA
                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0674-05-1                       JUDGE WILLIAM H. HODGES
                                                       NOVEMBER 22, 2005
ANTHONY J. SCALES


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            J. Derek Turrietta (Stackhouse, Nexsen & Turrietta, PLLC, on brief),
            for appellants.

            (Matthew H. Kraft; Rutter Mills, L.L.P., on brief), for appellee.


        Gwaltney of Portsmouth and its insurer (hereinafter referred to as "employer") appeal a

decision of the Workers' Compensation Commission awarding Anthony J. Scales (claimant)

temporary total disability (TTD) benefits from October 10, 2001 and continuing, based upon an

average weekly wage (AWW) of $698.87.  Employer contends the commission erred in

accepting into evidence documentation regarding claimant's AWW, which was not entered into

evidence at the original August 27, 2002 hearing or during the seven-day post-hearing period

while the record remained open, and which did not meet the legal standard for admitting

after-discovered evidence.  We agree, and reverse the commission's decision awarding claimant

TTD benefits for the following reasons.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

On April 9, 2002, claimant filed a Claim for Benefits alleging an injury by accident occurring on April 18, 2000. He sought an award of medical expenses and TTD benefits. On August 27, 2002, Deputy Commissioner Lahne conducted a hearing on that claim. At the start of the hearing, Lahne noted that it did not appear that the parties had agreed on claimant's AWW. Claimant's counsel indicated that was correct, and stated, "I just got the wages, and I have not had a chance to go through them, so I would be happy to do that after the hearing today." The deputy commissioner offered to leave the record open for seven days, and claimant's counsel agreed that was a sufficient amount of time. The deputy commissioner then stated on the record as follows:

> I would ask the parties to review the wage records if they are able then to stipulate to an [AWW] to so advise. That way I don't have to go through the wage records. If the parties are not in agreement on the [AWW], then I expect both parties to send me a letter setting forth what they think the [AWW] is and why, that is the basis of their calculations. All right. Today is the 27th, . . . [s]o by [September] third then either a stipulation on the [AWW] or position statements, and that can just be in brief letter form on the [AWW] issue.

The deputy commissioner also left the record open for claimant to file job search information.

On September 6, 2002, via certified mail and fax, claimant filed job search information with the commission. However, neither party filed any information with the commission with regard to claimant's AWW.

On October 3, 2002, the deputy commissioner issued his opinion. In that opinion, he noted as follows:

> The record was left open until September 3, 2002. By that date, the parties were directed to either present a stipulation as to the [AWW] or, if they could not agree, then to file written argument setting forth what they believed the [AWW] to be and why. Further, the claimant was given leave until September 3,

- 2 -

2002 to submit documentation of his job search for admission in evidence.

> We received the job search records on September 6, 2002, without any request by the claimant to extend the record and accept these documents in evidence. However, the employer made no objection to the late filing of these documents. Therefore, we will admit these records.

> The parties did not file a stipulation on the [AWW]. Neither did they file arguments as to the [AWW].

The deputy commissioner awarded claimant medical expenses, but denied him an award of TTD benefits, ruling as follows:

> [W]e do not have in evidence wage records from which we can calculate the [AWW]. In the commission's file, we did find some wage records and there is also an employer's report of injury which contains some wage information. However, neither party moved those records in evidence, and unlike the situation with medical records (see Rule 2.2(B)(4)), we do not have the authority by either statute or by rule to admit these records in evidence. Rule 2.2(B)(1) requires that "Each exhibit offered shall be marked and identified, and the record shall show whether it was admitted in evidence." The mere filing of a document with the Commission does not make it part of the evidence. The document may be part of the "record" in that it is in the Commission's file. That does not mean that it is in evidence. (By way of example, motions for judgment filed in circuit court are part of the "record" of the proceedings, but they are not in evidence unless offered by a party and admitted by the court.)

Claimant filed a Motion to Reconsider, and in the alternative, Motion to Reopen, which the deputy commissioner denied, finding "claimant has offered no excuse or explanation for his failure" to submit evidence of his AWW.

On review, a majority of the commission held as follows:

> Since neither party complied with the requirements of Rule 2.2(B)(1), with regard to the claimant's purported wage records received by the Commission on May 23, 2002, or the EFR, we find that the Deputy Commissioner was within his authority to conclude that there was no evidence of record with which to calculate the claimant's [AWW]. While Rule 2.2(B)(1) does not prohibit consideration of documents in the file that have not been

marked as an exhibit, a party should put the document into evidence to ensure that it will be considered.

The record was specifically left open for the parties to submit a stipulation as to the claimant's [AWW] or to submit position statements that set forth the basis of their calculations of his [AWW]. Thus, the parties were on notice that additional information was expected. Since neither party submitted anything with regard to this issue, we find that the Deputy Commissioner did not abuse his discretion in refusing to reconsider his October 3, 2002, Opinion.

The employer did not agree to the submission of the EFR or the documents that purport to set forth the claimant's earnings for the 52 week period prior to his injury as evidence, and the Deputy Commissioner declined to reopen the record to consider those submissions as evidence. Although it may have been more expeditious to reopen the record, the claimant has not been prejudiced by the Deputy Commissioner's refusal to do so, because he could have, and did, file a claim on the issue of his [AWW]. Therefore, we find that it was not an abuse of the Deputy Commissioner's discretion to refuse to reopen the record.

Notwithstanding our position set forth above, we find that taking additional evidence in this case would be useful and would provide judicial economy. Therefore, we remand the matter to the Deputy Commissioner for an on-the-record determination of the claimant's [AWW]. Pursuant to this REMAND, the parties should be instructed to submit (1) position statements and (2) evidence in support of their position regarding this issue.

(Footnotes and citations omitted.)

Commissioner Tarr dissented as follows:

There is no dispute that the claimant, who had the burden of proof, failed to present evidence with which to calculate his [AWW]. Moreover, he failed to present this evidence despite being directed by the Deputy Commissioner.

The majority affirms the Deputy Commissioner's decision not to permit the late evidence, but remands this case for the evidence the Deputy Commissioner refused. The majority's rationale for this inconsistent action is that the evidence would be "useful and promotes judicial economy." The majority offers no explanation as to why it is "useful" or how it "promotes judicial economy" to permit a party the opportunity to supply evidence it failed to supply despite being directed by the Deputy Commissioner.

- 4 -

The majority's decision is inconsistent with Rule 3.3 that permits additional evidence only when it is "absolutely necessary and advisable" and when the evidence qualifies as admissible after discovered evidence.[1]

On remand, the deputy commissioner decided the matter on-the-record. The parties submitted position statements and claimant submitted wage records. Employer objected to the consideration of those records on the ground that they did not qualify for admission as after-discovered evidence. The deputy commissioner, in complying with the commission's directive, admitted the wage records into evidence over employer's objection. Based upon those records, the deputy commissioner found claimant's AWW to be $698.87, and entered an award for TTD benefits.

On review from that decision, the commission ruled that the deputy commissioner did not err by following the commission's directive to take additional evidence regarding claimant's AWW. In so ruling, the commission held:

> On July 18, 2003, the Commission determined that in the interest of utility and judicial economy, the Deputy Commissioner should take additional evidence. It is not bound by formal rules of evidence and procedure. The Commission should conduct its proceedings in a summary manner that will most efficiently serve to administer the Virginia Workers' Compensation Act and do justice for all parties. It directed the Deputy Commissioner to instruct the parties to submit position statements and supporting evidence on the issue of the claimant's [AWW]. Hence, the evidence was properly before him for consideration pursuant to the Commission's directive.

On appeal, employer argues that the commission acted arbitrarily, unreasonably, and in contradiction to its own rules when it affirmed the deputy commissioner's admission into evidence of claimant's wage records, which failed to meet the legal standard for admitting

---

[1] Employer's appeal to this Court from the commission's July 18, 2003 opinion remanding the matter to the deputy commissioner was dismissed on the ground that the commission's opinion was interlocutory and, therefore, this Court was without jurisdiction to entertain it. The Supreme Court dismissed employer's subsequent appeal of that decision.

after-discovered evidence. Employer notes that Rule 2.2(B)(1) requires that each exhibit offered must be marked and identified, and the record must show whether the exhibit was admitted into evidence. Employer argues that after the close of the hearing record, Rule 3.3 provided the sole means for reopening the record and accepting additional evidence. Employer contends that by admitting claimant's wage records, the commission permitted him to enter into the record evidence that did not conform to rules prevailing in Virginia courts for the introduction of after-discovered evidence, in contradiction of precedent set by the commission's own rules and articulated by the Virginia Supreme Court and this Court. We agree.

Analysis

"[A] rule when adopted pursuant to rule-making authority has the same force as a statute." Graham v. Peoples Life Ins. Co., 7 Va. App. 61, 72, 372 S.E.2d 161, 168 (1988) (*en banc*). The General Assembly has authorized the commission to "make rules and regulations for carrying out the provisions of this title." Code § 65.2-201. "'*The adoption of such rules is a legislative act*, and the enactment is binding and law upon the parties and the Commission as well.'" Graham, 7 Va. App. at 72, 372 S.E.2d at 168 (emphasis in original, citation omitted).

"When a challenge is made to the commission's construction of its rules, 'our review is limited to a determination of whether the commission's interpretation of its own rule was reasonable.' . . . We will not set aside the commission's interpretation of its rules unless that interpretation is arbitrary and capricious." Boyd v. People, Inc., 43 Va. App. 82, 86-87, 596 S.E.2d 100, 102-03 (2004) (citation omitted).

Rule 3:3 provides as follows:

> No new evidence may be introduced by a party at the time of review except upon agreement of the parties. A petition to reopen or receive after-discovered evidence may be considered only upon request for review.

> A petition to reopen the record for additional evidence will be favorably acted upon by the full Commission only when it appears to the Commission that such course is absolutely necessary and advisable *and* also when the party requesting the same is able to conform to the rules prevailing in the courts of this State for the introduction of after-discovered evidence.

(Emphasis added.)

Thus, the party seeking to re-open the record to submit after-discovered evidence must prove that "(1) the evidence was obtained after the hearing; (2) it could not have been obtained prior to the hearing through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission." Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

Accordingly, the sole avenue available to claimant for admission of his wage records post-hearing after the record closed was to file a petition to reopen the record for the consideration of after-discovered evidence. However, the evidence submitted by claimant did not meet the second prong of the requirements for admitting after-discovered evidence. The evidence existed before the hearing date, and could have been obtained prior to the hearing through the exercise of reasonable diligence. Thus, the evidence could have been submitted to the commission before or at the hearing for its consideration. Furthermore, the deputy commissioner provided claimant an opportunity to submit evidence of his AWW for a period of seven days post-hearing while the record remained open. However, claimant failed to take advantage of that opportunity without any reasonable excuse or explanation for failing to do so.

Claimant, not employer, bore the burden of proving his claim, including providing evidence necessary for the commission to calculate his AWW, yet he failed to timely provide that evidence, which was available to him when he filed his claim well before the hearing. Under these circumstances, in remanding the matter to the deputy commissioner for the taking of

- 7 -

additional evidence with respect to claimant's AWW, the commission arbitrarily and unreasonably failed to follow its own rules.[2]  Considering wage records filed after the record closed without insisting upon compliance with the commission's own rules was error.  See Charcoal Hearth Restaurant v. Kandetzki, 1 Va. App. 327, 329, 338 S.E.2d 352, 353 (1986) (consideration of medical report after the hearing, which was dated prior to the hearing, without insisting upon compliance with commission's rules, was error).

Claimant's argument that Rule 1.8(J) supports his position that the commission's decision to remand the matter was proper is misplaced.  Rule 1.8(J) states that "[i]f the average weekly wage is contested, the employer shall timely file a wage chart showing all wages earned by an employee in its employment for the term of employment, not to exceed one year before the date of injury."  The filing of a wage chart by employer does not equate to entering a document into evidence as required by Rule 2.2(B)(1).  Moreover, regardless of whether employer was required to file a wage chart, the deputy commissioner specifically placed claimant on notice at the hearing that the commission did not have any evidence of an agreement of the parties as to claimant's AWW or any admitted documentation with which to calculate claimant's AWW, and provided claimant seven days after the hearing to submit such documentation.  Without any explanation or good cause, claimant ignored the deputy commissioner's directive and failed to timely submit his wage records for admission into evidence.  By remanding the matter, without any legal authority to do so, the commission essentially gave claimant a "third bite at the apple," in contravention of its own rules, Virginia case precedent, and the doctrine of finality.

---

[2] We note that contrary to the commission's citation to Smith v. Weber, 3 Va. App. 379, 350 S.E.2d 213 (1986), as support for the proposition that the commission "has the authority to take additional evidence and to delegate that authority to the Deputy Commissioner," Smith does not contain that holding.  Rather, Smith concerned whether the total number of persons employed by subcontractors was countable when determining if the contractor employed the minimum number of workers required for workers' compensation coverage.

Accordingly, we reverse the commission's decision awarding claimant TTD benefits based upon an AWW of $698.87, and remand this matter for the commission to enter an award for medical benefits only.[3]

Reversed and remanded.

---

[3] We will not consider claimant's argument that the doctrine of imposition applied to allow the commission to remand the matter back to the deputy commissioner for the taking of additional evidence. Claimant did not raise that argument before the commission nor did the commission consider the applicability of the doctrine of imposition to this case. See Rule 5A:18.